

S. M., PLAINTIFF, v.
S. J., DEFENDANT.

Superior Court of New Jersey
Chancery Division
(Matrimonial)

Decided July 28, 1976.

*Mr. Reginald A. Jennings* for plaintiff (*Messrs. Pickett & Jennings,* attorneys).

*Mr. Saul Cohen* for defendant.

GRIFFIN, J. S. C. Absent a showing that the natural parent is unfit, or has abandoned the child, does the court have the right to award custody of a child to a stranger when it is in the child's best interests?

There does not seem to be any case in New Jersey squarely answering this question. Other states are divided. See 59 *Am. Jur.* 2d, *Parent & Child,* § 25 at 110.

The facts are as follows. S.D., a girl, was born out of wedlock. Shortly after her birth her mother married a man who is not the putative father. They and the two children of the marriage lived together for over seven years. Upon separation, the wife kept the three children for about 1¾ years and then gave them to the husband who has had them for over two years. S.D. is 12 years of age. The children of the marriage are ten and nine. The wife has had frequent visitation. The children are a family unit and have always lived together. S.D., in chambers, expressed a strong desire to remain with her "father." The mother is on welfare. She does not work, although there is no physical reason for not doing so — she has in the past. The husband's living accommodations are superior, his work record good and the children are happy with him. All three wish to stay with him but the court does not give much weight to the desires of the two youngest. The husband is living with another woman, whom he says he intends to marry, and he has a child by her. She takes care of the family while he is at work. This custody issue arose in the divorce action.

Based on the evidence in the case, the court finds that it is clearly in the best interests of the children to remain with the husband. However, it cannot find that the mother is unfit or has abandoned the children.

Counsel for the wife contends that the court has no power to give S.D. to the husband and that the question at the beginning of this opinion must be answered in the negative. The court does not agree.

■ At the time of the separation there was an agreement giving custody of all three children to the mother. However, such an agreement cannot be the sole determinant on the issue of custody. *Sheehan v. Sheehan,* 38 *N. J. Super.* 120 (App. Div. 1955).

■ Custody and adoption must be clearly distinguished. In *In re Adoption of Children by D,* 61 *N. J.* 89 (1972), the Supreme Court recognized the irreversible effect of a judgment of adoption, permanently severing the bonds be-

tween the adoptive child and the nonconsenting natural parent. Quoting from *In re N*, 96 *N. J. Super.* 415, 425 (App. Div. 1967), the court wrote:

* * * Such an action [a judgment of adoption] is of the first magnitude and should be sanctioned only after serious consideration of the consequences * * * The child's relationship with the parent is of such significance that all doubts are to be resolved against its destruction. [at 93]

The decision then outlined the two-step procedure to be followed. It must be found that the natural parent has "forsaken parental obligations" before the question of "best interest of the child" can be considered.

█ But, adoption is permanent. Custody may be temporary. *Scanlon v. Scanlon*, 29 *N. J. Super.* 317 (App. Div. 1954), held that

It should be realized that the judgment in its relation to the custody of the child is always temporary in nature and may be changed at any time as the future conditions and circumstances reasonably recommend. [at 327]

There are several New Jersey decisions touching on the question here involved. In the following cases the child was given to another because of an abandonment by the natural parent or parents: *In re A. B. M.*, 132 *N. J. Eq.* 434 (E. & A. 1942); *Richards v. Collins*, 45 *N. J. Eq.* 283 (E. & A. 1889); *In re Pfahler*, 102 *N. J. Eq.* 161 (Ch. 1928); *In re Malley*, 131 *N. J. Eq.* 404 (Ch. 1942); *Ludwig v. Ludwig*, 94 *N. J. Eq.* 503 (E. & A. 1922). Parental unfitness caused the loss of the child in *Scanlon v. Scanlon, supra;* (App. Div. 1954); *S. v. H. M.*, 111 *N. J. Super.* 553 (App. Div. 1970); *Brotman v Brotman*, 137 *N. J. Eq.* 514 (E. & A. 1945); *In re R. L.*, 137 *N. J. Eq.* 271 (Ch. 1945); *In re Alsdorf*, 142 *N. J. Eq.* 246 (Ch. 1948).

█ If abandonment by, or unfitness of, the natural parent is found, almost of necessity it would seem that the best interest of the child would be to remove him from such a parent.

In *Hesselman v. Haas,* 71 *N. J. Eq.* 689 (Ch. 1906) it was held (at 694) that "it is entirely settled that, as against any other than the putative father, the mother of such a child has the natural right to its custody." It was found that the mother had not completely abandoned the child and was not unfit. Hence, she recovered the child from a couple to whom she had given the child many years before. This is an old case, however. The later cases seem to lean the other way.

Many of the cases discuss the primacy of the "best interest of the child" doctrine. *In re Mrs. M,* 74 *N. J. Super.* 178 (App. Div. 1962), held that

It is a principle of long standing that in dealing with the custody and upbringing of the infant the welfare of the child is the controlling consideration. [Cases cited]. *Even parental rights must yield to this principle.* [Cases cited]. [at 183; emphasis supplied]

Yet the court went on to say

We have earlier noted that the trial judge expressly found that plaintiff was not unfit to have her infant daughter's custody. Indeed, he found the parties equally fit to raise G. Our review of the record convinces us that there was insufficient evidence to support a finding of the mother's unfitness under the cases just cited. Therefore, if custody is to be denied plaintiff, it must be on the basis that she abandoned the baby to Mrs. R.

The trial judge found specifically that there was no abandonment. [at 187]

The court returned the illegitimate child to the natural mother. However, this was based on a finding that both parties were equally fit to raise the child.

The words of Vice Chancellor Lane in *Cole v. Cole,* 89 *N. J. Eq.* 381 (Ch. 1918), support this court in its position, although the qualifications of the father as a parent were not discussed:

Giving all due consideration to the legal right of the parents, and to the rule that that right will be recognized, unless circumstances of weight and importance connected with the welfare of the child

exist to overbear it, and that it is not sufficient that greater material benefits will be secured by the child in custody of a stranger, I am still of the opinion that the custody of the child at this time should be committed to the aunt and will advise an order to that effect. I think that the fact that the mother desires the child left in the custody of the aunt is entitled to some consideration. [at 383]

See also, *Scanlon v. Scanlon, supra*:

Where circumstances of weight and importance concerning the welfare of the infant transcend the strict legal rights of the parents, the court may award the custody of the infant to a stranger. [at 325]

Even though no case has been found in New Jersey in which a stranger received custody without the support of one of the parents or a finding of unfitness or abandonment, the language of the cases give strength to the position taken by this court.

"Courts have traditionally been reluctant to deny a parent custody of his or her child." *In re Mrs. M, supra* at 186. They should remain so. But, when the best interests of the child will be clearly served by custody in someone other than the parent, a finding of abandonment by the parent, or parental unfitness, is not a prerequisite to a custody order.

In determining the issue for custody, the court has given weight to the following factors: the importance of keeping the three children together as a family unit; the living accommodations; the work record and stability of the husband compared to that of the wife; the fact that the children have been with the husband for the last two years; and the desire of the children to remain with him.

While *Callen v. Gill*, 7 *N. J.* 312, 320 (1951), holds that "a 12-year old child has not attained that ripened discretion which enables him to determine conclusively what his own welfare demands," *In re Mrs. M, supra* at 189, points out that "* * * Were the child of such an age that she could form or express a rational judgment in the matter,

such a choice would be helpful to the court in reaching a conclusion." The desire of S.D., strongly expressed in chambers, is considered.

Custody of all three children is given to the husband. The wife shall have liberal visitation.