## 20904

Charles D. SKINNER, Jr., Respondent, v. Mr. and Mrs. James KING, and Pamela K. Skinner, Appellants.

(252 S. E. (2d) 891)

*Julius B. Aiken,* Greenville, *for appellants.*

*Griffin & Howard,* Greenville, *for respondent.*

March 5, 1979.

GREGORY, Justice:

This appeal is from the order of the family court transferring custody of a minor child from appellants Rev. and Mrs. James King, the maternal grandparents, to respondent Charles D. Skinner, Jr., the father. We reverse.

Charles D. Skinner, Jr. and Pamela K. Skinner were married on January 25, 1973. To this union was born one daughter, Stephanie Dawn, on August 18, 1973. Mr. and Mrs. Skinner were divorced by order of the family court

dated May 30, 1975. Custody of Stephanie was temporarily placed with Rev. and Mrs. King instead of either of the parents because of Mr. Skinner's habitual use of narcotic drugs and apparent inability to maintain regular employment, and because of Mrs. Skinner's immaturity. At the time Mrs. Skinner was seventeen (17) years old.

In November 1975 Mr. Skinner filed a petition for custody with the family court in which he alleged that during the six months from May 1975 to November 1975 he had become a fit and proper parent and that a change in custody would be in Stephanie's best interest.

The family court found there had been no change in circumstances affecting Stephanie's best interest and by order dated March 24, 1976 denied Mr. Skinner's petition. No appeal was taken from this order.

On February 1, 1977 Mr. Skinner filed a second petition for custody which was virtually identical to the petition filed in November 1975. Rev. and Mrs. King and Mrs. Skinner replied to the petition. Mrs. Skinner also cross-petitioned against Rev. and Mrs. King seeking custody of Stephanie in the event the family court determined the time was ripe to place Stephanie with one of her parents.

The family court found that a sufficient amount of time had passed since the order of May 30, 1975 placing Stephanie with the maternal grandparents, and that it was now appropriate to place Stephanie with either her father or her mother. By order dated November 2, 1977, the family court transferred custody of Stephanie from Rev. and Mrs. King to Mr. Skinner. This appeal by Rev. and Mrs. King and Mrs. Skinner followed.

On appeal from an order of the family court, in a case heard without a reference, this Court has jurisdiction to review the entire record to determine the facts in accordance with our own view of the preponderance of the evidence. This broad scope of review does not require

us, however, to disregard the findings of the family court, nor does it relieve the appellant of the burden of convincing this Court that the family court committed error. *Spires v. Higgins,* S. C., 248 S. E. (2d) 488 (1978).

When Mr. and Mrs. Skinner were divorced in 1975, neither party was able to provide a proper home for Stephanie and the family court determined it would be in Stephanie's best interest to place her in the custody of her maternal grandparents, Rev. and Mrs. King. This custody arrangement was intended to last only until either Mr. or Mrs. Skinner could provide Stephanie with a good home. The Kings acquiesced in this order and have provided exceptional care for the child. Both parents have visited regularly with Stephanie on alternate weekends.

Stephanie's father and mother have each sought a change in custody. We have often stated that in order to justify a change of custody, the party seeking the transfer bears the burden of establishing a material change of conditions substantially effecting the welfare of the child. *Lowe v. Lindley,* S. C., 249 S. E. (2d) 750 (1978). A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the child will be served by the change. *Stutz v. Funderburk,* S. C., 252 S. E. (2d) 32 (1979). Not every change of conditions will warrant a change of custody, *Lowe v. Lindley, supra.*

While we recognize that a preference should be given to the parents as against others in child custody disputes, the claim of a parent to the custody of a son or daughter must yield to the best interest of the child. *Cook v. Cobb,* S. C., 245 S. E. (2d) 612 (1978). The paramount consideration in custody cases is the welfare of the child. *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228 (1975).

Mr. Skinner lives with his parents and younger brother. He is employed and is away from home during the day. He has not remaried. The only change that has occurred in Mr. Skinner's circumstances since the original custody order of May 30, 1975 and the subsequent order of March 24, 1976 is that he has maintained steady employment. Without more, this is not a sufficient showing to warrant the conclusion that a change of custody would be in Stephanie's best interests.

Mrs. Skinner has remarried. She and her husband rent a two bedroom home. Both are employed and both are away from the home during the day. Mrs. Skinner (now Mrs. Suber) and her husband are active in their church. Mr. Suber is the father of three children by a previous marriage. These children are in the custody of their mother, but visit with Mr. Suber every other weekend.

Mrs. Skinner's circumstances have changed more than Mr. Skinner's circumstances, but as with Mr. Skinner, we are not convinced that Mrs. Skinner's circumstances have improved sufficiently to warrant the conclusion that it would be in Stephanie's best interest to upset the present custody arrangement.

Stephanie was voluntarily placed with Rev. and Mrs. King by Mrs. Skinner in October 1974. This voluntary placement was converted to a *sua sponte* custody order of the family court dated October 11, 1974. This custody arrangement was continued by the divorce decree of May 30, 1975 because under the conditions then existing such a custody arrangement was in Stephanie's best interests.

Stephanie should be returned to either her father or mother as soon as practicable, but not until it appears that a transfer of custody would be in her best interests. *Cook v. Cobb, supra*. Neither parent has made a showing sufficient to convince this Court that it would be in Stephanie's best interests to remove her at this time from the custody of Rev. and Mrs. King.

In her reply and cross-petition Mrs. Skinner requested an award of attorney's fees. The order of the family court is silent on this issue and thus, by inference, denied Mrs. Skinner's request. In view of our reversal of the lower court's order transferring custody to Mr. Skinner, we are of the view Mrs. Skinner is entitled to an award of attorney's fees and remand to the family court for an appropriate award.

Accordingly, the order of the family court transferring custody to Mr. Skinner and denying Mrs. Skinner's request for attorney's fees is reversed and remanded.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.