414 A.2d 211 (1980)
R. A. D., Appellant,
v.
M. E. Z., Cross Petitioner Below and B. G., Appellees.
Superior Court of Delaware, Sussex County.
Submitted January 2, 1980.
Decided February 8, 1980.
William E. Wright of Terry, Terry, Jackson, Terry & Wright, Georgetown, for appellant.
T. Henley Graves of Fuqua & Graves, Georgetown, for appellees.

Opinion
TEASE, Judge.
This appeal from the Family Court of the State of Delaware, in and for Sussex County, presents a question of first impression in Delaware: whether someone other than a natural parent has standing in a custody proceeding, absent a preliminary finding of dependency or neglect or a termination of parental rights.
Following their divorce, R. D., husband, and B. G., wife, agreed that their daughter, T. D. (d. o. b. 1-18-64), would reside with her mother. Subsequently B. G. remarried and placed her daughter with the girl's maternal grandmother. R. D. then filed his original petition for custody on April 12, 1979. On April 25, 1979, M. E. Z., the grandmother, cross-petitioned for an order allowing her to retain custody of the girl. Following a hearing on June 19, 1979, custody was awarded to the child's grandmother.
At the hearing conducted before Judge Lee appellant moved to dismiss the petition filed by the maternal grandmother on the ground that she had no standing to request an award of custody, absent a finding of dependency or neglect or a termination of parental rights. The Family Court, in responding to the motion, indicated that the Court had reviewed the custody investigation, including background information, and had interviewed the child involved.
*212 The Court acknowledged that it had traditionally taken the position that the law does not specifically provide for a petition for custody by a grandparent, but,
... limits such custody petitions to parents, however, the Court has recognized that the general heading of the chapter dealing with custody deals with the best interests of the child and that certain circumstances may arise which meet the general tone of that statute and creates a situation where it may be in the best interest of the child to reside with someone other than the natural parent.
It was acknowledged that the social report did not indicate that either of the natural parents was unfit or that the child was neglected. At the request of counsel, the Judge stated the essence of his findings. He noted that the child had indicated a preference for her grandmother and that she was now 15½ years old. The record clearly indicated the the Division of Social Services was not a party to the case and that there was little in the record to indicate that either parent was unfit to assume custodial duties over the child. The Court's decision below rested primarily upon the expressed desires of the child, which in chambers appeared to be rational and logical, and was therefore a basis for the award of custody to the maternal grandmother.
It is the appellant's position that the maternal grandmother has no standing to file such a petition in Family Court and that Family Court lacks jurisdiction to hear custody matters involving nonparents.
The long standing practice in Family Court in Delaware has been to permit participation by grandparents in the custody proceedings of their grandchildren when the situation warrants it. Though allowing third parties to participate may be without legal precedent in Delaware, it is certainly not without legal foundation. 13 Del.C. § 721(b) authorizes the Court, upon showing of good cause, to permit the intervention of "other interested parties." Judicial interpretations of 13 Del.C. § 701 indicate that there is only a rebuttable presumption that the natural parent should be appointed guardian; it does not give a parent an absolute right over grandparents. In Re Two Minor Children, Del.Ch., 283 A.2d 859 (1971).
Although there are jurisdictional as well as substantive differences between custody and guardianship, the underlying principles are the same since the welfare of the child is the paramount concern of the Court in each kind of case.
Finally, 13 Del.C. § 722 directs the Family Court to determine custody in accordance with the best interests of the child. "It is clear ... that the Family Court has been vested with extensive powers to deal with problems of minors. These powers include the broad powers inherent in a Court of equity to deal with those problems of minors." Mount Pleasant School District v. Warder, Del.Super., 375 A.2d 478, 482 (1977).
Nor is there any doubt that the wishes of a child as to his or her custodian is of major concern in custody proceedings [13 Del.C. § 722(a)(2)]. Thus the Supreme Court in duPont v. duPont, Del.Supr., 216 A.2d 674, 680-81 (1966) noted that:
... if a child is of sufficient maturity to form an intelligent opinion upon the subject, there is no justification for that opinion to be wholly ignored. The preference of a child for one parent or the other is, of course, not necessarily controlling on the Court because it must always yield to the paramount consideration of what is best for the child, but, nevertheless, it may not be ignored. Indeed, if other considerations are equal, the desire of the child may be decisive. The question to be determined is whether or not the child has reached an age of sufficient discretion to form an intelligent preference, and whether or not the preference is expressed because of some temporary dissatisfaction or passing whim [citations omitted].
The record clearly indicates that the Court undertook a detailed examination of the 15½ year old girl and concluded that her desire to reside with her grandmother was the product of logical and rational thought.
*213 It is the Court's opinion, then, that nothing in the statutory scheme of the Family Court precludes the participation of interested third parties in custody proceedings. Indeed, the statutes, read together, clearly support such an interpretation.
Neighboring jurisdictions have adopted a similar view. The New Jersey Superior Court, Appellate Division, held in Hoy v. Willis, N.J.Super., 165 N.J.Super. 265, 398 A.2d 109 (1978) that while the establishment and maintenance of a biological family unit is a matter for legitimate concern when a court must resolve a question of custody, this should not serve as a presupposed end for which justification is sought and indeed must yield when it conflicts with the best interests of the child. Moreover, the Court found that when the best interests of the child will clearly be served by a custody award to a third party, a finding of either parental unfitness or abandonment is not a prerequisite to the entry of an order doing so [citing S. M. v. S. J., N.J.Super., 143 N.J.Super. 379, 363 A.2d 353, 355 (1976)].
Likewise in Barclay v. Barclay, Ill.App., 66 Ill.App.3d 1028, 23 Ill.Dec. 770, 384 N.E.2d 564 (1978), the Court, in rejecting the mother's contention that a natural parent has a superior right to custody over any other person, held that the best interest of the child required that he remain in the care of his paternal grandparents, intervenors in the custody suit. See also Look v. Look, Ill.App., 21 Ill.App.3d 454, 315 N.E.2d 623 (1974); Skinner v. King, S.C.Supr., 252 S.E.2d 891 (1979).
This Court finds no reason to dispute the aforementioned authorities or to take issue with the traditional practices of the Delaware Family Court. So long as the preservation of the best interests of the child remains the paramount concern of the Family Court in custody proceedings, there is no reason to exclude grandparents or other interested third parties from participation. If guidelines are to be adopted concerning what third parties are to be included and under what circumstances they should be permitted to participate, clearly it is the Family Court, whose expertise in this field is well established, that should undertake such a task.
The decision of the Family Court awarding custody of T. D. to her maternal grandmother, M. E. Z., is affirmed. It Is So Ordered.