519 S.E.2d 357

**Keith DIXON, Appellant,**

**v.**

**Kay DIXON, Respondent.**

**No. 3013.**

Court of Appeals of South Carolina

Heard April 14, 1999.

Decided June 21, 1999.

William S. Tetterton, of Camden, for appellant.

M. Malissa Burnette, of Burnette & LeClair, of Columbia, for respondent.

Guardian ad Litem: M. Scott Rankin, of Camden.

STILWELL, Judge:

In this child custody case, Keith Dixon (Father) appeals a family court order granting Kay Dixon (Mother) primary custody of their son. We affirm.

## BACKGROUND

The parties married in 1991, and their only child, Steven, was born in November of that year. The parties separated in 1993 and entered into an agreement providing for joint custody of the child. While the custody arrangement was labeled joint, it more nearly approximated divided custody, as they alternated physical custody of the child every two weeks. The agreement was incorporated into a decree of divorce dated October 3, 1994.

A year later, Father brought this action seeking full custody of the minor child, alleging a substantial change of circumstances. Mother counterclaimed, also alleging a substantial change of circumstances justifying a change in custody in her favor.

After a hearing on the merits, the family court granted primary custody to Mother and secondary custody to Father. Mother's primary custody, however, was conditioned upon her moving to Kershaw County where Father resides. Both parties filed post-trial motions seeking to amend the order. The family court denied Father's post-trial motion to alter custody and granted Mother's request to amend the visitation schedule. This appeal followed.

## STANDARD OF REVIEW

On appeal from the family court, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Epperly v. Epperly,* 312 S.C. 411, 440 S.E.2d 884 (1994). This broad scope of review, however, does not relieve the appellant of the burden of convincing us that the family court committed error. *Skinner*

*v. King,* 272 S.C. 520, 252 S.E.2d 891 (1979). Nor are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimonies. *Cherry v. Thomasson,* 276 S.C. 524, 280 S.E.2d 541 (1981). Because the appellate court lacks the opportunity for direct observation of witnesses, it should accord great deference to trial court findings where matters of credibility are involved. *See Aiken County Dep't of Soc. Servs. v. Wilcox,* 304 S.C. 90, 403 S.E.2d 142 (Ct.App.1991). "This is especially true in cases involving the welfare and best interests of children." *Id.* at 93, 403 S.E.2d at 144.

## DISCUSSION

On appeal, Father argues the family court erred in granting primary custody of the child to Mother. We disagree.

In any child custody controversy, the controlling considerations are the child's welfare and best interests. *Cook v. Cobb,* 271 S.C. 136, 245 S.E.2d 612 (1978). The family court should consider how the custody decision will impact all areas of the child's life, including physical, psychological, spiritual, educational, familial, emotional, and recreational aspects. *Pountain v. Pountain,* 332 S.C. 130, 503 S.E.2d 757 (Ct.App. 1998). Additionally, the court must assess each party's character, fitness, and attitude as they impact the child. *Id.* at 136, 503 S.E.2d at 760. "[T]he totality of circumstances peculiar to each case constitutes the only scale upon which the ultimate decision can be weighed." *Davenport v. Davenport,* 265 S.C. 524, 527, 220 S.E.2d 228, 230 (1975).

When a party seeks to alter a joint custody arrangement, the party has the burden of establishing a material change of circumstances substantially affecting the child's welfare. *Allison v. Eudy,* 330 S.C. 427, 499 S.E.2d 227 (Ct.App.1998) (citing *Pinckney v. Hudson,* 294 S.C. 332, 364 S.E.2d 462 (1988)); *see Pitt v. Olds,* 333 S.C. 478, 511 S.E.2d 60 (1999). Such a change in circumstances simply means that sufficient facts have been shown to conclude that the best interests of the child would be served by the change. *Pitt,* 333 S.C. at 481, 511 S.E.2d at 61.

■ In the instant case, both parties acknowledge that the previous joint custody arrangement is no longer viable. Furthermore, the family court found "that substantial changes in circumstances exist requiring a change in the custody of the minor child." Neither party appealed this finding and thus, it becomes the law of the case. *See Lindsay v. Lindsay*, 328 S.C. 329, 491 S.E.2d 583 (Ct.App.1997), *cert. denied* (June 18, 1998) (explaining that an unchallenged ruling, right or wrong, is the law of the case). Our review, therefore, is limited to whether the family court erred in awarding primary custody to Mother instead of Father.

We note that both parties remarried during the pendency of this litigation. The record reveals that the child has adapted well to both step-parents and both step-parents are capable and willing to assist with parenting the child.

Although Mother has changed jobs numerous times since the date of the divorce while Father has maintained the same employment, all but Mother's current job represented a lateral career move or an opportunity for career advancement. The family court expressed concern over Mother's "apparent lack of perseverance in her employment opportunities," but noted Mother's current employment permits her flexibility such that she is readily available for the child. As well, the family court observed that Mother's current position affords her the potential to increase her salary and her spouse earns a substantial income. While we understand the family court's concern over Mother's frequent employment changes, we agree that Mother's current employment is beneficial to the child.

Both Mother and Father have relocated since the time of the divorce. Although Father lives in the same mobile home, he has relocated the home within Kershaw County. Mother, on the other hand has made numerous moves, living in an apartment in Kershaw County for approximately one year, in the home of a female friend in Columbia for one month, and in the home of another female friend in Kershaw County for about one and one-half years. Currently, Mother lives with her husband in his Pontiac home, together with his two children. The family court found no indication the child was negatively impacted by Mother's relocations. We specifically note that Mother's relocations did not interfere with the

parties' joint custody arrangement and the child remained in the same day care center.

The family court determined that Mother had developed a more appropriate parental relationship with the child than Father. This conclusion was supported by the testimony of Dr. Paul E. Van Wyke who conducted psychological evaluations at the request of the Guardian ad Litem. After assessing both parties and the child, Dr. Van Wyke recommended that custody be granted to Mother. Doctor Van Wyke based his recommendation, in part, on his conclusion that Mother would more likely promote the individuation of the child and foster a healthy sense of his independence. Doctor Van Wyke noted that after Father remarried, he and the child still slept in the same bed while the new wife slept in a different bed. Furthermore, Dr. Van Wyke observed that Mother seems to be more willing to appropriately discipline the child when needed. Although Dr. Van Wyke acknowledged that Father would make a suitable primary custodian, he noted Father has developed a competitive rather than cooperative relationship with Mother.

As to Father's implication that the family court failed to adequately consider the child's close relationships with his nearby family, we note the court specifically conditioned the award of primary custody to Mother upon Mother moving to Kershaw County. Thus, we find no merit in Father's contention.

We recognize that custody determinations are difficult, especially in a case such as this where both parties appear to be capable and loving parents. However, based upon the record before us and the granting of appropriate deference to the family court that had the opportunity to view the witnesses and observe their demeanor, we find no abuse of discretion on the part of the family court in awarding primary custody to Mother. *See Pountain,* 332 S.C. at 136, 503 S.E.2d at 760 ("Custody decisions are matters left largely to the discretion of the trial court."); *Wilcox,* 304 S.C. at 93, 403 S.E.2d at 144 (indicating that an appellate court should accord due deference to trial court findings when matters of credibility are involved).

Accordingly, the decision of the family court is **AFFIRMED.**

HEARN and HUFF, JJ., concur.