624 S.E.2d 649

**Ex parte Amelia Beth MORRIS, Appellant.**

**In re South Carolina Department of Social Services, Respondent,**

**v.**

**Paula Lynn Monceaux and John Doe, whose true identity is unknown, Defendants.**

**In the Interest of Trae Steven Monceaux, a minor under the age of eighteen years.**

No. 26092.

Supreme Court of South Carolina.

Submitted Dec. 1, 2005.

Decided Jan. 9, 2006.

Rehearing Denied Feb. 1, 2006.

58

John S. Wilkerson, III, and Patrick W. Carr, both of Turner, Padget, Graham, and Laney, of Charleston, for Appellant.

Thomas P. Stoney, II, of the South Carolina Department of Social Services, Berkeley County, of Moncks Corner, for Respondent.

Wolfgang L. Kelly, of Summerville, for the guardian ad litem for Trae Steven Monceaux.

Justice BURNETT:

This appeal raises the issue of whether the family court judge erred in a child custody case by issuing a permanency planning order without allowing the presentation of testimony and evidence at a hearing. We affirm in result.

## FACTUAL AND PROCEDURAL BACKGROUND

Trae Steven Monceaux (Child) was born in 2001 and abandoned by his mother, who left him with a friend, Amelia Beth Morris (Custodian). The mother's present whereabouts and the father's identity are unknown. Custodian is not related by blood or marriage to Child. Custodian apparently filed an action at an unspecified time to adopt Child, but did not pursue the action.

The state Department of Social Services in Berkeley County (DSS) took Child into emergency protective custody in May 2003 pursuant to S.C.Code Ann. § 20–7–610 (Supp.2004). DSS in a removal complaint filed pursuant to S.C.Code Ann. § 20–7–736 (Supp.2004) alleged that Child, then two years old, was harmed or threatened with harm because Custodian

physically neglected him. A family court judge ruled probable cause existed to remove Child from the home and ordered DSS retain custody of Child. *See* S.C.Code Ann. § 20–7–610(M) (Supp.2004).

A two-day hearing on the merits of the removal action was held in July 2003. *See* S.C.Code Ann. § 20–7–736(E) (Supp. 2004). A family court judge ruled that "removal is justified in this case based upon a *threat* of physical harm to the child because of the instability of the home maintained by [Custodian]," and ordered DSS continue to retain custody of Child (emphasis in original). The judge further ordered a treatment and placement plan pursuant to S.C.Code Ann. § 20–7–762 (Supp.2004) in which Custodian was required to undergo assessments for mental health, anger management, alcohol and drug use, and financial matters, and follow all recommendations for counseling. Custodian was required to take a parenting skills course, and maintain a safe and stable home and suitable employment.

An initial permanency planning hearing was held in May 2004 pursuant to S.C.Code Ann. § 20–7–766 (Supp.2004). DSS's attorney explained the status and history of the case to the court, repeating the allegations of physical neglect and describing testimony and evidence presented at the removal hearing. DSS's attorney briefly described alleged evidence in the case, including Custodian's purported use of illegal drugs and noncompliance with the treatment and placement plan, and Child's current placement with foster parents who wish to adopt him. DSS's attorney asked the court to dismiss Custodian from the case and allow an action to terminate the rights of Child's parents to proceed so that Child may be adopted.

The DSS case manager's affidavit and written case evaluation supporting the agency's position apparently were submitted to the court. A report from the area Children's Foster Care Review Board which supported DSS's conclusions and recommendations apparently was submitted to the court.[1]

---

1. None of the attorneys moved to submit any written documents into evidence during their descriptions of the case, although they mentioned some documents. No party has objected to inclusion of the documents in the record on appeal. *See* Rule 210(c), SCACR.

Custodian's attorney stated that Custodian contested DSS's position and requested an evidentiary hearing to respond to the agency's inaccurate and distorted description of her case. Custodian's attorney briefly described facts and evidence supporting Custodian's effort to regain custody of Child, including the fact she had recently begun complying with the treatment and placement plan, and had obtained an apartment and stable job.

Counsel for the GAL told the judge the GAL concurred with DSS's position and recommendations, and briefly described facts and evidence supporting DSS's position.

No party or witnesses offered live, sworn testimony at the hearing. After listening to the attorneys' presentations, the family court judge rejected Custodian's request for an evidentiary hearing and ruled from the bench in favor of DSS. The judge in a subsequent written order ruled Custodian lacked standing to participate in the case because she had failed to comply with the treatment and placement plan, and dismissed her from the case. The judge directed DSS to initiate an action for termination of the rights of Child's parents so that he may be adopted.

Custodian appealed. We certified this case from the Court of Appeals pursuant to Rule 204(b), SCACR.

## ISSUE

Did the family court judge err in basing her decision in a permanency planning order on the arguments of counsel, the GAL's report, and an examination of the case file and pleadings, but without considering testimony and evidence at a hearing where witnesses are subject to direct and cross-examination?

## STANDARD OF REVIEW

In appeals from the family court, the appellate court has the authority to find the facts in accordance with its view of the preponderance of the evidence. *Rutherford v. Rutherford*, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). This broad scope of review does not, however, require the appellate court to disregard the findings of the family court. *Stevenson v.*

*Stevenson,* 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). This degree of deference is especially true in cases involving the welfare and best interests of a minor child. *Latimer v. Farmer,* 360 S.C. 375, 380, 602 S.E.2d 32, 34 (2004); *Dixon v. Dixon,* 336 S.C. 260, 263, 519 S.E.2d 357, 359 (Ct.App.1999). Moreover, the appellate court's broad scope of review does not relieve the appellant of the burden of showing that the family court committed error. *Skinner v. King,* 272 S.C. 520, 523, 252 S.E.2d 891, 892 (1979).

## LAW AND ANALYSIS

■ As an initial matter, we take this opportunity to clarify the issue of Custodian's standing in this matter. The family court judge ruled Custodian had no standing to participate in the proceeding because she had failed to rehabilitate herself and complete the treatment and placement plan. DSS in its brief repeatedly mentions that Custodian is not related to Child by blood or marriage, as if that fact alone somehow negates any standing or right to appear before the family court and assert which plan is best for Child.

■ As a general rule, to have standing, a litigant must have a personal stake in the subject matter of the litigation. *Glaze v. Grooms,* 324 S.C. 249, 255, 478 S.E.2d 841, 845 (1996). One must be a real party in interest, *i.e.,* a party who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action. *Id.;* *Charleston County School Dist. v. Charleston County Elec. Commn.,* 336 S.C. 174, 181, 519 S.E.2d 567, 571 (1999).

While Custodian may not stand on precisely the same footing as a parent or close relative, it is apparent from a reading of various statutes touching on the issue that the Legislature contemplated nonrelatives often may play a crucial and important role in the life and well-being of a child, particularly when parents or relatives turn away from the child. *See e.g.* S.C.Code Ann. § 20–7–490(3) (Supp.2004) (defining "a person responsible for a child's welfare" to include a parent, guardian, foster parent, caregiver, "or an adult who has assumed the role or responsibility of a parent or guardian for the child, but who does not necessarily have legal custody

of the child"); S.C.Code Ann. § 20–7–766(G) (Supp.2004) (family court at the permanency planning stage for a child removed from his home may award custody or legal guardianship to a "suitable, fit, and willing relative or nonrelative"); S.C.Code Ann. § 20–7–766(K) (Supp.2004) ("Any other party in interest may move to intervene in the case pursuant to the rules of civil procedure and if the motion is granted, may move for review. Parties in interest include, but are not limited to, the individual or agency with legal custody or placement of the child and the foster parent."); S.C.Code Ann. § 20–7–610 (Supp.2004) (emergency protective custody statute which repeatedly uses the terms "other person" or "custodian" in addition to "parent" or "guardian"); S.C.Code Ann. § 20–7–435 (1985) (listing "custodian" among persons who may institute proceedings regarding a neglected or delinquent child); S.C.Code Ann. § 20–7–480 (Supp.2004) (expressing legislative philosophy that, while parents have primary responsibility for their children, the welfare of neglected or abused children is a concern of the entire community); S.C.Code Ann. § 20–7–50 and –70 (Supp.2004) (establishing criminal penalties for any person who "has charge or custody of a child" or who "is responsible for the welfare of a child" and is convicted of committing certain unlawful conduct towards a child).

■ A nonrelative such as Custodian who has a real, material, or substantial interest in the long-term custody and potential adoption of a child has standing to participate in a family court proceeding addressing those issues. Accordingly, we reject the notion Custodian somehow lacks standing to appear in this case or argue on behalf of Child simply because she is not related to Child by blood or marriage, or because she failed to comply with a treatment and placement plan.[2]

■ Turning to the issue of an evidentiary hearing, Custodian argues the family court is required by S.C.Code Ann. § 20–7–766(C) (Supp.2004) to find compelling reasons for approval of a permanency plan which does not involve reunifica-

2. The family court judge properly may reject a temporary custodian's effort to obtain or retain custody of a child due to the custodian's failure to comply with a treatment and placement plan, but the custodian retains standing to challenge that decision in the family court and on appeal.

tion of the child with the parent or custody or guardianship with a fit and willing relative. Custodian contends an appropriate decision in the important matters of long-term custody and potential adoption may not be reached when the family court considers only the arguments of counsel and a GAL's report, but refuses to consider testimony and evidence at a hearing where parties and witnesses are subject to direct and cross-examination. We agree.

█ It is error, in the face of a request by a party for an evidentiary hearing, for the family court to issue a permanency planning order based on an examination of the file and pleadings, the arguments of counsel, and the GAL's report, but without considering testimony and evidence at a hearing where witnesses are subject to direct and cross-examination.

█ It is well established that counsel's statements regarding the facts of a case and counsel's arguments are not admissible evidence. *E.g. McManus v. Bank of Greenwood,* 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) (appellate courts repeatedly have held "that statements of fact appearing only in arguments of counsel will not be considered"); *S.C. Dept. of Transp. v. Thompson,* 357 S.C. 101, 105, 590 S.E.2d 511, 513 (Ct.App.2003) ("[a]rguments made by counsel are not evidence"). Consequently, the family court may not base necessary findings of fact and conclusions of law solely on counsel's statements of fact or arguments. *See* Section 20–7–766(A) (requiring family court to make specific findings in a permanency planning order).

█ In addition, written affidavits and reports generally constitute inadmissible hearsay, with some exceptions, although they may become admissible in whole or part when a proper foundation is laid by a witness's testimony. *See* Rules 801–804, SCRE; Rule 7, SCRFC. The family court properly may review and rely on previous orders and pleadings contained in a particular case in resolving the issues at hand, but should not rely solely on these documents in issuing a permanency planning order.

Finally, and perhaps most importantly, it is apparent from a plain reading of Section 20–7–766 that the Legislature intended the family court hold an evidentiary hearing before issuing

a permanency planning order when a hearing is necessitated by the facts of a case, the material facts are contested by the parties, or a hearing is requested by a party. The Legislature repeatedly used the term "hearing" throughout the statute, indicating a proceeding at which parties are allowed to present evidence and sworn testimony bearing on issues before the family court. Furthermore, the permanency planning process set forth in Section 20–7–766 and related statutes involves the long-term custody of a child, the potential termination of parental rights, and the possible adoption of the child in the future. Decisions regarding matters of such import must be made after careful, deliberate consideration of admissible evidence and sworn testimony presented by interested parties and witnesses at an evidentiary hearing.

 Although the family court judge erred in rejecting Custodian's request for an evidentiary hearing, we affirm the result in this case. The family court judge ordered, among other things, that Custodian "is dismissed as a party to this action." Custodian has appealed only the issue of whether an evidentiary hearing was required, not her dismissal from the case. This unappealed ruling is the law of the case and requires affirmance. *See e.g. Charleston Lumber Co. v. Miller Housing Corp.*, 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (unappealed ruling, right or wrong, is the law of the case and requires affirmance); *Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 177 S.E.2d 544 (1970) (same); Rule 220(c), SCACR (appellate court may affirm for any reason appearing in the record). Accordingly, we affirm. We decline to exercise our discretion to avoid application of the procedural bar. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("procedural rules are subservient to the court's duty to zealously guard the rights of minors"); *Ex parte Roper*, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) (duty to protect rights of minors has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors may be considered by an appellate court for the first time on appeal or even on its own motion); *Galloway v. Galloway*, 249 S.C. 157, 160, 153 S.E.2d 326, 327 (1967) (same).

## CONCLUSION

It is error, in the face of a request by a party for an evidentiary hearing, for the family court to issue a permanency planning order based on an examination of the file and pleadings, the arguments of counsel, and the GAL's report, but without considering testimony and evidence at a hearing where witnesses are subject to direct and cross-examination. Although we find error, we affirm the order of the family court because Custodian failed to appeal the ruling which dismissed her from the case.

**AFFIRMED IN RESULT.**

TOAL, C.J., and MOORE, J., concur. PLEICONES, J., concurring in result only. WALLER, J., not participating.