THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Herbert Holliday, Appellant,
 
 
 

v.

 
 
 
 Tiffiny M. Holliday, Respondent.
 
 
 

Appeal From Laurens County 
Billy A. Tunstall, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-421
Submitted November 1, 2006  Filed December 19, 2006

AFFIRMED

 
 
 
 Joseph M. Ramseur, Jr. of Greenville, for Appellant.
 Tiffiny M. Holliday, of Green Cove Springs, for Respondent.
 
 
 

PER CURIAM: James Holliday appeals a family court custody order denying that a sufficient change of circumstances resulted from Tiffiny and Justin Hollidays relocation to Florida.  We affirm.
FACTS
James (Father) and Tiffiny (Mother) Holliday married on May 10, 1997.  They have one son together, Justin (Child), who was born February 5, 1998.  Father and Mother separated on April 1, 2000 and entered into a custody agreement, which the family court approved on August 9, 2001.  That order provided that Father and Mother would share joint custody, with Child living with Mother and Father receiving standard visitation.  Father and Mother divorced on June 12, 2003.  The divorce order incorporated the prior custody order. 
On June 2, 2004, Mother and Child moved from their home in Gray Court, South Carolina, to Greencove Springs, Florida.  On August 5, 2004, in response to Mothers relocation, Father filed a motion for temporary custody.  The South Carolina Family Court heard the motion, and on November 3, 2004, the court filed an order granting Father temporary custody of Child.  
After the final hearing, the family court issued its final custody order on July 13, 2005.  In that order, the family court found Father failed to show a change in circumstances that would warrant the courts alteration of custody from the original agreement.  Consequently, both parents retained joint custody with Child living with Mother in Florida.  
Thereafter, Father filed a motion to reconsider, which the court denied.  Father timely filed a notice to appeal.  Later, Father filed a Rule 60(b)(2) SCRCP  motion, asking for a new trial based on newly discovered evidence.  At the hearing, Father attempted to show that Mother began living with a man to whom she was not married and had exposed Child to the man on an overnight basis.  Father also claimed Child was left at home with the man, and even left at home alone without adult supervision, while mother went to work.  The family court denied that motion on November 22, 2005.  By order dated January 3, 2006, Fathers appeals were consolidated.  Father now appeals both the final custody order from July 13, 2005 and the November 22, 2005 order denying a new trial.
STANDARD OF REVIEW
When a family court order is appealed, we have jurisdiction to find facts based on our own view of the preponderance of the evidence.  We are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their credibility.  Strout v. Strout, 284 S.C. 429, 327 S.E.2d 74 (1985).  This degree of deference is especially true in cases involving the welfare and best interests of the child. Dixon v. Dixon, 336 S.C. 260, 263, 519 S.E.2d 357, 359 (Ct. App. 1999).  Our broad scope of review does not relieve the appealing party of the burden of showing the family court committed error.  Skinner v. King, 272 S.C. 520, 252 S.E.2d 891 (1979).
DISCUSSION
 I. Custody
Father argues the family court erred in finding Mothers relocation to Florida with Child was not a substantial change of circumstances when Father and Mother shared joint custody and Father objected to the relocation.  Father also claims error in the family courts finding that the relocation was in Childs best interests.  We disagree.

 The change of circumstances relied on for a change of custody must be such as would substantially affect the interests and welfare of the child.  Because the best interest[s] of the child is the overriding concern in all child custody matters, when a non-custodial parent seeks a change in custody, the non-custodial parent must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child. 

Latimer v. Farmer, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004).  
The South Carolina Supreme Court declined to hold relocation in itself is a substantial change in circumstance affecting the welfare of a child.  Relocation is one factor in considering a change in circumstances but is not alone a sufficient change in circumstances.  One location may not necessarily affect the best interests of the child as would another.  The effect of relocation on the childs best interests is highly fact specific.  It should not be assumed that merely relocating and potentially burdening the non-custodial parents visitation rights always negatively affects the childs best interests.  Id.
Father cites Section 20-7-100 of the South Carolina Code (1976) to support his position.  This section states that the mother and father are equally charged with the welfare and education of their minor children[,] . . . and neither parent has any right paramount to the right of the other concerning . . . any . . . matter affecting the minor.  S.C. Code Ann. § 20-7-100.  There is abundant case law affirming the custodial parents right to move to another state against the wishes of the non-custodial parent.  ­See, eg, Hollar v. Hollar, 342 S.C. 463, 536 S.E.2d 883 (Ct. App. 2000).
Here, the court realized that relocation cases are highly fact specific and considered the following factors in determining whether Childs best interests were served by the move: (a) the potential advantages of the move; (b) the likelihood the move will improve the quality of life for Mother and Child; (c) that the move was not the result of a whim; (d) the integrity of the motives of both parents in seeking the move or seeking to prevent it; and (e) the availability of realistic visitation arrangements that will adequately foster an ongoing relationship between Father and Child.  Upon a review of the record, we find that the family courts decision was supported by a preponderance of the evidence, and Father has not met his burden of showing otherwise.
II. New Trial Motion
Father argues the family court erred in refusing to grant a new trial based on newly discovered evidence of Mothers exposing Child to Mothers boyfriend overnight.  We disagree.
To obtain a new trial based on newly discovered evidence, the moving party must establish the new evidence: (a) will probably change the result if a new trial is granted; (b) has been discovered since the trial; (c) could not have been discovered before the trial; (d) is material to the issue; and (e) is not merely cumulative or impeaching.  Lanier v. Lanier, 364 S.C. 211, 217, 612 S.E.2d 456, 459 (Ct. App. 2005).
The family court denied Fathers motion for a new trial, in part because Father conceded there was no evidence presented to prove that the boyfriend was living with Mother at the time of the hearing.  Also, Father conceded if the boyfriend was living with Mother prior to the hearing, Father could have discovered this fact at that time.  The family court further stated that even if the court took Fathers allegations as true, Father did not provide the court with evidence to show that a new trial would probably result in a different outcome.  Upon a review of the record, we find the family courts ruling is supported by a preponderance of the evidence.  
Accordingly, the family courts decision is
AFFIRMED.[1]
HEARN, C.J., WILLIAMS, J., and CURETON A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.