**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Danmon Gregory, Respondent,

v.

Rozlyn Ford, Appellant.

Appellate Case No. 2018-001217

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

Unpublished Opinion No. 2021-UP-297
Heard June 8, 2021 – Filed August 11, 2021

**AFFIRMED**

Stephen C. Hucks, Sr., of Hucks & Felker, LLC, and
Matthew Martin McGuire, both of Columbia, for
Appellant.

Cheryl Turner Hopkins, of Law Office of Cheryl Turner
Hopkins, and Brooke Ashleigh Grooms, both of
Florence, for Respondent.

**MCDONALD, J.:** Danmon Gregory (Father) initiated this family court action in 2016, seeking custody of the minor child or increased visitation, an order requiring

Rozlyn Ford (Mother) to obtain a psychological evaluation, and other related relief. Mother timely answered and counterclaimed, seeking to maintain the status quo.[1] After a final trial date was scheduled, the family court granted Mother's attorney's motion to be relieved and gave Mother thirty days to either obtain new counsel or notify the court of her intention to proceed pro se; she did neither. Over two months after Mother consented to her attorney's motion to be relieved, Mother moved for a continuance, which the chief administrative judge failed to address. Although the trial judge initially declined to rule on Mother's continuance request, stating he lacked jurisdiction, on the morning of the final hearing he heard argument on the motion. The trial judge then denied the requested continuance, and Mother proceeded pro se.

Following the three-day trial, the family court found Mother had alienated the minor child, transferred custody to Father, ordered attorneys' fees and costs, and permitted Mother supervised visitation after a no-contact period. Mother does not separately challenge these findings—her appeal addresses only the handling of her motion for a continuance.[2]

Mother first argues the chief administrative judge erred in failing to hear her timely filed motion and allow her more time to obtain new representation because "the case was complex, involving expert witnesses and medical testimony." Mother further asserts she diligently sought new counsel. We agree the chief

---

[1] The parties in this case have a lengthy history in family court dating back to 2009. Mother filed a prior 2016 action in which she requested and was granted an emergency hearing and ex parte order terminating Father's visitation with the minor child for several weeks pending the emergency hearing. Following the emergency hearing, wherein Mother was unsuccessful in modifying Father's visitation, Mother elected to dismiss her action. Thereafter, on June 15, 2016, Father filed the current action seeking to change custody, based in part on Mother's parental alienation.

[2] Where neither party appeals a finding, it becomes the law of the case. *Dixon v. Dixon*, 336 S.C. 260, 264, 519 S.E.2d 357, 359 (Ct. App. 1999) (citing *Lindsay v. Lindsay*, 328 S.C. 329, 491 S.E.2d 583 (Ct. App. 1997) (explaining that an unchallenged ruling, right or wrong, is the law of the case)). However, "[i]n any child custody controversy, the controlling considerations are the child's welfare and best interests." *Id.*

administrative judge erred in failing to address the motion; however, we disagree that Mother diligently sought new counsel or that Mother was prejudiced by the chief administrative judge's error.

"When 'reviewing a family court's evidentiary or procedural rulings,' appellate courts apply 'an abuse of discretion standard.'" *Sellers v. Nicholls*, 432 S.C. 101, 113, 851 S.E.2d 54, 60 (Ct. App. 2020) (quoting *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018)). "Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings." *Id.* (quoting *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019)). "A motion for a continuance is a procedural matter involving the progress of a case." *Id.* "An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support." *Id.* (quoting *Patel v. Patel*, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004)). "A failure to exercise discretion amounts to an abuse of that discretion." *Samples v. Mitchell*, 329 S.C. 105, 112, 495 S.E.2d 213, 216 (Ct. App. 1997).

In *Sellers*, at the beginning of the hearing, the mother requested a continuance, which the family court denied, relying on the language of an order disqualifying her counsel. The order provided her counsel's disqualification "'shall not' under any circumstances be a basis for continuing the trial." 432 S.C. at 115, 851 S.E.2d at 61. The family court found only the chief administrative judge could continue the case. *Id.* The mother appealed, and this court held that the family court judge who decided the disqualification could not usurp the discretion of the family court judge hearing the case at trial; thus, the family court abused its discretion by failing to exercise any discretion in addressing the motion for a continuance. *Id.*

Nevertheless, the *Sellers* court found the mother was not prejudiced by the abuse of discretion because the family court reached the correct result when it denied her a continuance. *Id.* at 116, 851 S.E.2d at 61. The court explained:

> During the course of this litigation, Mother was represented by two attorneys: the first moved to be relieved because Mother failed to pay her attorney's fees, and Mother relieved the second attorney following the attorney's disqualification. Further, Mother signed a consent order seven days prior to the final hearing on the merits of the custody issue, which stated she would represent herself pro se if she were unable to find new

> counsel.  Based on the foregoing, we find [she] failed to
> show "good and sufficient cause" to grant a continuance.

*Id.*

In Mother's case, on October 26, 2017, the family court notified the parties that the date certain final hearing had been set for January 22 through 24, 2018.  On November 6, 2017, Mother's counsel—who was at least the second attorney to represent Mother in the current litigation—filed a motion to be relieved (with Mother's signed consent), and a consent order relieving counsel was filed with the court on November 28, 2017.[3]  When Mother signed the consent motion to relieve her attorney, who had been representing her for over a year, she additionally agreed to the following provision:  "The Defendant, Ms. Ford shall have thirty (30) days from the date of this Order to find new representation or inform the Court of her intention to precede [sic] pro se."  Thereafter, Mother neither retained new counsel nor notified the family court within the thirty-day period of her intention to proceed pro se.  She filed the motion for a continuance on January 12, 2018, claiming she had consulted with an attorney who advised her he would take her case if she could obtain a continuance of the January 22 trial.

On the first day of trial, Mother reported to the trial court, "[I]t has taken me until this time to be able to find, last Tuesday, to find an attorney, um, [an attorney] in Columbia," but the attorney advised her that he would only "take the case contingent on receiving the continuance from the court."  The guardian ad litem acknowledged Mother made some reasonable attempts to retain new counsel by contacting a different attorney in early January, but these efforts were ultimately unsuccessful.  At oral argument, Mother's counsel indicated that this attorney declined to take the case after discussing the case history with the guardian.

Although it appears the trial judge was aware as early as January 19, 2018, that the chief administrative judge had not ruled on Mother's motion, nothing in the record supports Mother's allegation that the trial judge somehow prevented the chief administrative judge from addressing the continuance request.  In any event, upon reviewing Mother's motion for a continuance and the chronology of this litigation,

---

[3] It is unclear how many different attorneys represented Mother prior to her counsel seeking relief in early November 2017.  During oral argument, Father's counsel noted Mother has had seven attorneys throughout the parties' family court cases; Mother's appellate counsel knew of at least four.

as in *Sellers*, we find Mother failed to provide a "good and sufficient legal cause" for continuing the final hearing in this matter. Mother consented to an order relieving her attorney of record, who had represented her for over sixteen months during the pendency of the litigation, knowing a contested trial was scheduled to begin approximately seventy-seven days after she signed the consent order. Mother further consented to a provision that she would notify the court of her new attorney or her intention to represent herself within thirty days of the date of the order, which she failed to do.

Mother next argues the trial judge abused his discretion by ruling on the motion for a continuance despite knowing he lacked jurisdiction to consider it "and not ensuring the Chief Administrative Judge or an alternate Chief Administrative Judge from another circuit hear the motion." Mother asserts that because the case was more than 365 days old, her motion fell within the sole discretion of the chief administrative judge.[4] We find the lack of prejudice discussed above dispositive of this argument as well.

Finally, Mother contends the trial judge abused his discretion by basing his denial of a continuance on the opposition of opposing counsel and the guardian ad litem as the court's factual conclusions lacked evidentiary support. While we agree the record reflects the guardian remained neutral on the question of a continuance, we find Father's opposition was certainly stated, and the trial judge properly relied on it in denying Mother's request.

---

[4] This case was filed on June 15, 2016; the case was later extended beyond 365 days, and a scheduling order was implemented. It does appear that under the Chief Justice's administrative order, only the chief administrative judge had authority to continue the final hearing. *See* Administrative Order RE: Family Court Benchmark, S.C. Sup. Ct. Order dated August 27, 2014 ("Once a case older than 365 days has been scheduled for a final hearing, only the Chief Administrative Judge for the circuit or county may continue it, even if the request for continuance is received by the assigned judge during the week of trial."); S.C. Const. art. V, § 4 ("The Supreme Court shall make rules governing the administration of all the courts of the State. Subject to the statutory law, the Supreme Court shall make rules governing the practice and procedure in all such courts."); *but see* Rule 40(i)(1), SCRCP ("As actions are called, counsel may request that the action be continued. If good and sufficient cause for continuance is shown, the continuance may be granted by the court.").

Counsel for Father pointed out that although the consent order relieving counsel was not filed until November 28, 2017, it was signed on November 6, 2017; thus, Mother had over sixty days to obtain new counsel. Father further argued Mother's arguments were:

> a little hollow in that we've already gone through four lawyers. Now we're gonna be on Number Five. I've spent the whole week and weekend getting ready. I got my experts coming, everybody has been paid, my client's here from Charlotte, so Judge, it will just be a little unfair to [Father] to continue the case at this time.

The guardian ad litem, who stated he did not have a position regarding the continuance, acknowledged he was aware Mother made some reasonable attempts to obtain another attorney, but Mother's efforts were ultimately unsuccessful. After considering the arguments, the family court declined to continue the case, finding Mother had been represented by at least two different attorneys in this case; the November 6, 2017 consent order relieving counsel made clear that Mother had thirty days to obtain new representation or inform the court of her intention to proceed pro se; the case was almost two years old at the time of the final hearing; the case had been through two unsuccessful mediations; and experts were retained and on the way to testify. Although the trial judge again acknowledged that only the chief administrative judge could continue the matter, we find the trial judge correctly considered the totality of the circumstances in denying Mother's request.

In the alternative, Mother argues that even if the trial judge had the authority to rule on her motion, "he abused his discretion by failing to evaluate the fairness of making a pro se litigant be [sic] proceed in a 3-day trial against a seasoned and veteran trial attorney in a case involving experts and medical doctors."[5] We disagree.

As custody was a contested issue, the family court appointed a custody evaluator pursuant to the first order issued in the action. After it was determined that the appointed professional did not perform such evaluations, the family court held an April 19, 2017 status conference and appointed an alternative evaluator. The former chief administrative judge, who was the trial judge here, subsequently held

---

[5] We note that in trying her case, Mother subpoenaed witnesses to trial, called her own professional witnesses, and conducted both direct and cross-examinations.

another status conference, at which time a scheduling order was implemented extending the case beyond 365 days, requiring the parties to participate in a second mediation, and ordering a final hearing be requested by October 2, 2017. Pursuant to an interim order filed September 8, 2017, the parties participated in the second mediation on September 18, 2017. The second mediation resulted in an impasse.

Thereafter, the clerk of court coordinated the dates for the three-day trial with the attorneys of record and the guardian ad litem, giving the parties approximately three months' notice of the January 2018 trial dates. Over a week after the trial dates were set, Mother consented to relieving her attorney of record. We find it significant that Mother consented to relieving her counsel and agreed to the provision that she "shall have thirty (30) days from the date of this Order to find new representation or inform the Court of her intention to precede [sic] pro se" but that, in actuality, Mother had over seventy days after her counsel moved to be relieved to find a new attorney. Moreover, considering the record as a whole, we find the lack of prejudice to Mother dispositive of the matters raised in her appeal. *See Sellers*, 432 S.C. at 114, 851 S.E.2d at 60–61 ("In any case, we will not set aside a judge's ruling on a motion for a continuance unless it clearly appears there was an abuse of discretion to the prejudice of the movant." (quoting *Townsend v. Townsend*, 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996))).

**AFFIRMED.**

**KONDUROS and GEATHERS, JJ., concur.**