**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy Paul Kearns, Appellant,

v.

Falon Elise Odom, Respondent.

Appellate Case No. 2019-001862

———————

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-191
Submitted March 1, 2022 – Filed May 11, 2022

———————

**AFFIRMED**

———————

J. Falkner Wilkes, of Greenville, for Appellant.

Travis Verne Olmert, of Carter Smith Merriam Rogers &
Traxler, PA, of Greenville, for Respondent.

Milford Oliver Howard, III, of Howard Law Firm, P.A.,
of Greenville, as Guardian ad Litem.

———————

**PER CURIAM:**  Timothy Paul Kearns (Father) appeals the family court's order denying his request for a modification of custody of his minor son (Child).  On appeal, Father argues the family court erred by (1) finding there was no change in

circumstances to support a modification of custody and (2) ordering Father to pay a portion of Falon Elise Odom's (Mother's) attorney's fees and costs. We affirm.

1. We hold the family court properly denied Father's request for a modification of custody because Father failed to prove there had been a substantial change in circumstances affecting the welfare of Child such that a change in custody would be in the best interest of Child. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Clark v. Clark*, 430 S.C. 167, 175-76, 843 S.E.2d 498, 502 (2020) ("[O]ur de novo review does not discard 'the longstanding principles that trial [courts] are in superior positions to assess witness credibility and that appellants must show the trial [court] erred by ruling against the preponderance of the evidence . . . .'" (quoting *Thompson*, 428 S.C. at 91-92, 833 S.E.2d at 272)); *Dixon v. Dixon*, 336 S.C. 260, 263, 519 S.E.2d 357, 359 (Ct. App. 1999) ("In any child custody controversy, the controlling considerations are the child's welfare and best interests."); *Hollar v. Hollar*, 342 S.C. 463, 473, 536 S.E.2d 883, 888 (Ct. App. 2000) ("In order for a court to grant a change of custody based on changed circumstances, the party seeking the change must meet the burden of showing changed circumstances occurring subsequent to the entry of the order in question."); *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("[W]hen a non-custodial parent seeks a change in custody, the non-custodial parent must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child.").

2. We hold the family court did not err by ordering Father to pay $18,000 of Mother's attorney's fees and costs because the family court's final order shows the court properly considered the *E.D.M.*[1] and *Glasscock*[2] factors. *See Dickert v. Dickert*, 387 S.C. 1, 10-11, 691 S.E.2d 448, 453 (2010) (holding the family court did not err by awarding attorney's fees and costs because the court properly considered the *E.D.M.* and *Glasscock* factors in a case that required "a great deal of time and energy to assess"); *see also Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) ("[The appellate court] review[s] the family court's grant of attorney's fees de novo."); *E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816 ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective

---

[1] *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).
[2] *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."); *Glasscock*, 304 S.C. at 161, 403 S.E.2d at 315 (stating the family court should consider the following factors to determine the amount of an award of attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

**AFFIRMED.**[3]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.