0046

Bobby J. CHAMBERS and Frances Chambers, Appellants, v. ANDERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. In the Interest of Freddie CHAMBERS, Karen Chambers, Angela Chambers.

(311 S. E. (2d) 746)

Court of Appeals

*Charles W. Whiten, Jr.,* Anderson, *for appellants.*

*Staff Atty. Tana G. Vanderbilt,* Columbia, *for respondent.*

Jan. 16, 1984.

SANDERS, Chief Judge:

This is an appeal from an order of the Family Court terminating the parental rights of appellants, Bobby J. and Frances Chambers. We affirm.

The Chambers are the natural parents of three minor children: a boy, age 10 at the time of the hearing in the trial court, and two girls, ages 7 and 5. The Anderson County Department of Social Services first became involved with this family in 1977. In early 1980, custody of the children was taken by the Department pursuant to court order, and they were placed in foster care. It appeared at the time, and the court so found, that they were seriously abused and neglected. Their parents were often separated from each other and the children themselves. The Chambers maintained no stable family home. Thereafter, the Department attempted to work with them in an effort to rehabilitate the family through various counseling services, largely to no avail.

Arrangements were made by a "contract" entered into between the Chambers and the Department for the parents to cooperate in a specific rehabilitation program which included regular monthly visits with the children. They also agreed to pay the sum of $3.00 per month to the Department for child support. During the period which elapsed between January 1980 and the date this action was instituted in 1981, the Chambers made very little, if any, meaningful effort toward rehabilitating themselves or trying to provide a proper home for the children. They did visit with the children briefly but not on every occasion scheduled. More importantly, even these visits had profound ill effects on the children, who reacted adversely by wetting their beds and having nightmares associated with the visits. The older child had to be forced to visit with his parents. There was evidence the Chambers behaved in most bizarre ways, including engaging in sex acts in the presence of the children. A strong inference can be drawn from this evidence that Mr. Chambers sexually abused one of the children during visitation. Furthermore, the Chambers did not pay the $3.00 monthly child support agreed upon, even though Mr. Chambers was employed. Nor did they ever provide any clothing or other support for the children during this period.

Four questions are presented on appeal.

## I

The Chambers contend the Family Court erred in refusing to grant them a continuance on the ground of Bobby Chambers alleged "emotional incapacity" to appear at the scheduled hearing. A continuance may be warranted if a party is mentally incapacitated. *Thanos v. Mitchell*, 220 Md. 389, 152 A:(2d) 833 (1959). However, in this case there was no offer of proof of the facts alleged. The record reflects only the bare statement of counsel that his client had "evident emotional inability to appear this morning because of some mental strain on him . . . ." No expert testimony or other evidence was offered in support of this statement. Neither was any representation made as to when Bobby Chambers might be able to proceed. *Cf. Purex Corporation v. Walker*, 278 S. C. 388, 296 S. E. (2d) 868 (1982); *Edens v. Cole*, 261 S. C. 556, 201 S. E. (2d) 382 (1973); *Lerner v. Bluestein*, 175 S. C. 59, 178 S. E. 265 (1935).

The granting or denial of a continuance is a matter within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record. *Bridwell v. Bridwell*, 279 S. C. 111, 302 S. E. (2d) 856 (1983). We find no abuse of discretion under the circumstances presented here.

## II

The Chambers next contend the trial court erred in finding they abandoned their minor children. Section 20-7-1570(1) of the Code of Laws of South Carolina (1976), as amended, defines an "abandoned child" as:

> A child whose parents have willfully failed to visit or have willfully failed to support or make payments toward his support for six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child . . . .

Section 20-7-1590 provides:

> If the court shall determine after the hearing that the child concerned, either voluntarily or through neglect, has been abandoned for a period in excess of six months or severely abused, it may issue an order forever termi-

nating parental or guardianship rights to such child, award custody to such person or agency as it deems proper and the child shall be eligible for adoption.

The evidence here is more than adequate to support termination of the Chambers' parental rights pursuant to sections 20-7-1570(1) and 20-7-1590. It is undisputed that the Chambers failed to support or make payments toward support of their children for six consecutive months immediately preceding the institution of this action, despite the fact Mr. Chambers was employed. This willful failure to provide even minimum support is sufficient to satisfy the definition of "abandoned child" provided by section 20-7-1570(1).

## III

The Chambers next contend the trial court erred in terminating their parental rights pursuant to section 20-7-1570(2)(a), which the court cited as an alternative ground for termination. This section provides for termination of parental rights where, after a six months' period following a previous finding of neglect, parents make "no effort" to provide a suitable home, show "no concern" as to a child's welfare, and fail "to achieve a degree of personal rehabilitation as would indicate that at some future date they would provide a suitable home for the child."

The Chambers argue they made *some* effort, showed *some* concern, and achieved *some* degree of rehabilitation. In our view of the evidence, any effort, concern, or personal rehabilitation was so slight as to amount to nothing. In any event, it is not necessary for us to reach this question which arises only pursuant to subsection (2)(a) where, as here, the evidence is more than adequate to warrant termination for abandonment pursuant to subsection (1), as previously discussed.

## IV

Finally, the Chambers contend the trial court failed to apply the "clear and convincing evidence" standard of proof in terminating their parental rights. In the case of *Santosky v. Kramer*, 455 U. S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982), decided after the order of the trial court here,

the United States Supreme Court held that clear and convincing evidence is necessary to accord parents due process in terminating their parental rights. Our Supreme Court later applied this same test in *Richberg v. Dawson,* 278 S. C. 356, 296 S. E. (2d) 338 (1982). However, in *South Carolina Department of Social Services v. Martell,* 307 S. E. (2d) 601 (S. C. 1983), the most recent South Carolina case involving termination of parental rights, the Court held that despite the fact a case had been tried before the ruling in *Santosky,* the order of the trial court did not necessarily have to be reversed where the appellate court could review the record and find clear and convincing evidence supporting termination. We have carefully reviewed the record and weighed the evidence here and find it is clear and convincing.

Accordingly, the order of the Family Court is

Affirmed.

GARDNER and BELL, JJ., concur.