## 1627

AIKEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent v. David WILCOX and Renee Wilcox, Appellants. In the Interest of Kasha EUBANKS, Freddie Eubanks, Lisa Eubanks.

(403 S.E. (2d) 142)

Court of Appeals

*C. Wesley Smith,* Aiken, *for appellants.*

*Assistant Solicitor Brenda K. Todd,* Aiken, *James D. Mosteller, III,* Blackville, *for respondent.*

*Barry H. Johnson,* Aiken, *Guardian ad Litem.*

Heard Feb. 11, 1991.

Decided March 11, 1991.

SHAW, Judge:

The Aiken County Department of Social Services instituted this action in family court alleging foster parents, David and Renee Wilcox, abused and neglected a child in their care. The trial judge found Mrs. Wilcox physically abused the child and Mr. Wilcox neglected her by failing to protect her from the abuse. He ordered that the minor child, and her two siblings who had also been placed with the Wilcoxes, remain in the custody of DSS and that they not be placed in the care and control of Mr. and Mrs. Wilcox. The Wilcoxes appeal. We affirm.

In April of 1988, the Wilcoxes became foster parents of three children, Freddie (age 5), Kasha (age 4) and Gina (age 2). Kasha had developmental problems and was diagnosed as suffering from fetal alcohol syndrome. She could not communicate well verbally and had some coordination problems. On July 26, 1988, after an incident in which Kasha was hurt, DSS removed all of the children from the Wilcox home and brought this intervention action. Without reciting all of the testimony from the voluminous record, we note the Wilcoxes take the position Kasha's injuries were caused by two separate incidents, one involving a fall down attic steps and the second involving an accident of unknown origin. It appears to be undisputed that the injuries suffered by Kasha, though not life threatening, were extensive.

Subsequent to the removal of the children from the Wilcox home, a worker at a home for abused and neglected children, Juanita New, made a list of injuries she observed on Kasha. They included the following:

> A bruise on forehead; left eye bloodshot; bruise over left eye; right eye bloodshot and bruised, black in color; scratch over right eye; bruise inside left ear; bruise on left cheek, very touchy; chin had black circle bruise around the chin area; front top tooth missing; gum black and bruised all across the top; bruise on the right side of face; bruise down the side of nose, light in color; cut on the right thump; bruise on the left top of the pelvic area, round in size; bruise on the right arm, total of 7; 6 bruises on the left arm; scrape marks on the right side of chest; 2 bruises on the right side of chest; 7 bruises on the right leg, some appeared to be old and some new; 9 bruises on the left leg; 20 bruises all different sizes and color on back and buttocks; left hip, a wide red mark 1 inch by 1½ in size, appeared to be a belt mark; bruise on right top foot.

Mrs. New testified they were the worst bruises she'd seen on a child in the seventeen years that she had worked with abused children.

Kasha was also examined by several doctors following removal from the appellants' home. Though some of the doctors felt the injuries suffered by Kasha were not inconsistent with a fall, two of the doctors were of the opinion some of Kasha's injuries were not caused by a fall. In particular, one doctor noted a thigh injury that looked as if Kasha had been struck with a paddle, a flat board or a wide belt and did not look typical of an accidental injury. She also noted a lesion on the right arm in an area and of a configuration seen when a child is grabbed or shaken.

The appellants contend that, even though the case before us is not a criminal matter, the charges of physical abuse and neglect brought in family court have such a potential impact on the rights of the parties involved, the burden of proof required should be that of clear and convincing evidence, not merely a preponderance of the evidence. They argue the clear and convincing standard is appropriate here as it is akin to an action for termination of parental rights.

In *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982), the United States Supreme Court held clear and convincing evidence was necessary to accord parents due process in terminating their parental rights. *See Chambers v. Anderson Cty. D.S.S.*, 280 S.C. 209, 311 S.E. (2d) 746 (Ct. App. 1984). The case before us, however, is not one for termination of parental rights. This action was commenced by way of petition for intervention pursuant to the Children's Code, specifically S.C. Code Ann. § 20-7-610 (Cumm. Supp. 1990) entitled "Emergency Protective Custody." S.C. Code Ann. § 20-7-650(H) (Cumm. Supp. 1990) provides that, where an agency initiates protective services in cases of indicated physical, mental, or sexual abuse, in all proceedings under this section, the agency has the burden of proof by the preponderance of the evidence except in the case of alleged mental injury, in which case the evidence must be clear and convincing. Thus, in the case at hand, the agency must prove its case by the preponderance of the evidence.

The appellants further contend DSS failed to prove their case by a preponderance of the evidence. We disagree. After a thorough review of the record, we find the evidence sufficient to support a finding that there was physical abuse committed by Mrs. Wilcox. Sitting as an appellate court, we are not as able to weigh the testimony and evidence as the trial judge who saw and heard the witnesses and was in a better position to evaluate their demeanor and veracity. While we have jurisdiction in such matters to find facts based on our own view of the preponderance of the evidence, where the evidence presented in the record adequately supports the findings of the trial judge, due deference should be given to his judgment based on his superior position in weighing such evidence. *Allen v. Allen*, 287 S.C. 501, 339 S.E. (2d) 872 (Ct. App. 1986). This is especially true in cases involving the welfare and best interests of children. *See Cook v. Cobb*, 271 S.C. 136, 245 S.E. (2d) 612 (1978) (the welfare and best interests of children are the primary, paramount, and controlling consideration of the court in all child custody controversies).

The appellants also assert their rights to due process were violated by the agency's failure to conduct a thorough, fair and impartial investigation of the allegations

of physical abuse and neglect of Kasha. We first note the record is devoid of evidence that DSS performed anything other than a thorough, fair and impartial investigation. Further, it appears the appellants were afforded adequate notice and opportunity to be heard, the right to introduce evidence and the right to confront and cross-examine witnesses. *See Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. (2d) 406 (1974) (due process of law guarantees no particular form of procedure). We therefore find this argument meritless.

Accordingly, the order below is AFFIRMED.

SANDERS, C.J., and GOOLSBY, J., concur.