### 1917

FLORENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant v. Linda Faye WARD and George Larry Ward, Jr., Respondents.

(425 S.E. (2d) 61)

Court of Appeals

---

*Virginia W. Batson,* of *South Carolina Dept. of Social Services,* Columbia, *for appellant.*

*D. Malloy McEachin, Jr.,* Florence, *for respondents.*

*Evander G. Jeffords,* Florence, *as guardian ad litem.*

Heard Nov. 4, 1992; Decided Dec. 7, 1992.

Reh. Den. Dec. 30, 1992.

GARDNER, Judge:

Florence County Department of Social Services (DSS) alleges that Linda Faye Ward inflicted abuse and mental injury on the child, Christopher, while she was acting as a foster parent, by splashing cool or cold water on the child as punishment. The Wards denied any abuse occurred, charged that DSS wrongfully removed the child from their home, sought custody and adoption, and alleged their constitutional rights had been violated. In a bifurcated trial, the trial court ruled that no physical abuse or mental injury occurred, and re-

served other issues for a later hearing. DSS appeals. The Wards have withdrawn their counterclaims.

DSS contends that the trial court erred: 1) by relying on findings of fact based on testimony of Mrs. Ward when she did not testify at trial; 2) by finding that the child did not suffer harm to his health or welfare as a result of the incident; 3) by finding that the punishment administered was reasonable in manner and moderate in degree; 4) by allowing certain facts to mitigate in favor of the Wards; 5) by discrediting certain testimony; and 6) by requiring DSS to bear the cost of an expert's fee.

When physical abuse of a child is alleged, this Court is free to find facts based on its own view of the preponderance of evidence. *Aiken County Dep't of Social Serv. v. Wilcox*, 304 S.C. 90, 403 S.E. (2d) 142 (Ct. App. 1991). The trial judge, however, should be given broad discretion in his findings based on his observation of the witnesses' demeanor and veracity. *McAlister v. Patterson*, 278 S.C. 481, 299 S.E. (2d) 322 (1982).

First, DSS argues that the trial court erred by relying on Mrs. Ward's testimony because Mrs. Ward did not testify. Furthermore, DSS contends that the trial court should have placed greater weight on the hearsay testimony of others as to Mrs. Ward's statements after the incident. The trial judge had Mrs. Ward's affidavit in evidence before him. We hold that reference to her testimony was undoubtedly a scrivener's error and that it was harmless. *See Sturkie v. Sifly*, 280 S.C. 453, 313 S.E. (2d) 316 (Ct. App. 1984).

Next, DSS asserts that the record does not support either of the trial court's findings regarding the fact that the child suffered no harm from the incident or that the punishment was administered in a reasonable manner and moderate in degree.

S.C. Code Ann. § 20-7-490(C) (1976) defines acts which are not considered child abuse or neglect:

(C) "Harm" to a child's health or welfare can occur when the parent, guardian or other person responsible for his welfare:

(1) Inflicts or allows to be inflicted upon the child physical or mental injury, including injuries sustained as a result of excessive corporal punishment,

but excluding corporal punishment or physical discipline which meets each of the following guidelines:

(a) The physical aggression must be administered by a parent or person in loco parentis.

(b) It must be perpetrated for the sole purpose of restraining or correcting the child.

(c) The force and violence of the discipline must be reasonable in manner and moderate in degree.

(d) The force and violence of the discipline must not have brought about permanent or lasting damage to the child.

(e) The behavior of the parent must not be reckless or grossly negligent.

There is evidence of record that the child did not suffer any permanent or lasting physical damage. Additionally, the record reflects that the manner of punishment had been recommended by an authority in the field of child discipline. Where evidence supports the finding of the trial judge, this Court should give due deference to his judgment because of his superior position in weighing the evidence. *Aiken County*, 304 S.C. 90, 403 S.E. (2d) 142. After a careful review of the record, we hold that the preponderance of evidence supports the trial court's findings.

Additionally, DSS claims the trial judge erred in considering the child's behavior, characteristics and the fact that this was an isolated incident. It cites *South Carolina Dep't of Social Serv. v. Father and Mother*, as authority for the principle that a single incident is sufficient to charge parents with child abuse. 294 S.C. 518, 366 S.E. (2d) 40 (Ct. App. 1988). *Father and Mother* is distinguishable from this situation because in that case the father beat the child so severely that she was black and blue and her ears rang for several days. Obviously, the harm in the present case was not nearly as severe. We hold that the trial judge did not base his decision solely on these facts, and that the facts were relevant to his evaluation of Mrs. Ward's behavior. We, therefore, hold that he did not err in considering these facts.

DSS also alleges that the trial court erred when it discredited the findings of Dr. Heffler. A trier of fact is not compelled to accept an expert's opinion, but may

give it the weight he determines it deserves. *Berkeley Elec. Co-op., Inc. v. South Carolina Pub. Serv. Comm'n,* 304 S.C. 15, 402 S.E. (2d) 674 (1991). Accordingly, we hold that it was within the trial court's discretion as to how much weight to give the expert's testimony. We also hold that the trial judge did not abuse his discretion in requiring DSS to bear the cost of Dr. Heffler's fee.

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.