THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Melissa Wilson Evans, Carl Evans, John Doe, and Melissa Hope Evans, DOB 1/23/01, Defendants,
 of whom Melissa Wilson Evans is the, Appellant.
 
 
 

Appeal From Orangeburg County
 Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2006-UP-028
Submitted December 1, 2005  Filed January 12, 2006    

AFFIRMED

 
 
 
 Ariel Townsend Rosamond, of Orangeburg, for Appellant.
 Jerrod A. Anderson, of Orangeburg, for Respondent.
 
 
 

PER CURIAM:  This is an appeal from a family court order terminating parental rights.  Melissa Wilson Evans argues the family court erred by failing to give adequate consideration to the recommendation of the guardian ad litem in making its decision.   We affirm.[1]
FACTS
Evans is the biological mother of Melissa Hope Evans (Hope). This appeal arises from the family courts termination of Evanss parental rights on July 16, 2004, for the following statutory grounds: (1) Hope had been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months; (2) Evans failed to remedy the conditions that caused that removal; and (3) Evans failed to support or visit Hope for a period of six months prior to the commencement of the termination of parental rights proceedings.   
Hope was born on January 23, 2001.  Two days later the South Carolina Department of Social Services (DSS) placed her into emergency protective custody when Evans and Hope both tested positive for cocaine.  On January 29, 2001, the family court held a probable cause hearing, and Evans, who lived with her mother, was granted temporary custody of Hope.  Evans attended Lowcountry Crossroad Treatment Facility and was later discharged.  Evans then began an outpatient program at the Dawn Center in Orangeburg.  
On August 22, 2001, Evans again tested positive for cocaine and DSS placed Hope in foster care.  Subsequently, the family court issued a formal notice of removal, which gave custody to DSS and granted Evans supervised visitation with Hope.  The family court also ordered Evans to comply with a treatment plan which included drug rehabilitation and parenting classes.  
On November 3, 2001, because of Evanss relapse, the Dawn Center recommended Evans enter an inpatient program rather than an outpatient program.  Evans disagreed with the recommendation of inpatient treatment, and has not returned to the Dawn Center.  Although Evans completed the parenting classes, she has not completed a drug treatment program.   
On February 21, 2003, DSS filed an action for termination of parental rights.  During the hearing, Evans testified police arrested her for possession of cocaine on April 11, 2003.  Since her arrest, Evans has been working for the Sheriffs department as an informant.  Because of her cooperation, no charges have been brought against her.  Also during the hearing, the guardian testified that he believed the petition to terminate parental rights should be dismissed and in his opinion, Evans impressed him as someone who truly wanted her child back.  The guardian further testified he felt DSS should help Evans with job training or some other kind of economic assistance.  However, the guardian also testified that he had never met with Hope nor observed Hopes relationship with her foster family.  
Following the hearing, the family court found, pursuant to Section 20-7-1572 of the South Carolina Code (Supp. 2004), Hope had been removed from Evanss home for more than six months, and Evans failed to visit.  Moreover, Hope had been in foster care for fifteen of the most recent twenty-two months.  Additionally, even though DSS demonstrated a reasonable and meaningful effort to provide rehabilitative services, Evans failed to remedy the conditions which led to Hopes removal.  The family court also found termination to be in Hopes best interest and therefore terminated Evanss parental rights.  This appeal followed.  
STANDARD OF REVIEW
In a termination of parental rights (TPR) case, the appellate court has jurisdiction to examine the entire record to determine the facts according to its view of the evidence. Doe v. Baby Boy Roe, 353 S.C. 576, 579-80, 578 S.E.2d 733, 735 (Ct. App. 2003) (citing Richland County Dept of Soc. Servs. v. Earles, 330 S.C. 24, 32, 496 S.E.2d 864, 868 (1998)).  In our examination, the best interest of the child is our paramount consideration.  Roe, 353 S.C. at 579, 578 S.E.2d at 735.  Additionally, the grounds for TPR must be proved by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (citing Santosky v. Kramer, 455 U.S. 745, 747-48 (1982) (holding [b]efore a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence)).  Our broad scope of review does not require us to disregard the findings below or ignore the fact the trial judge was in a better position to asses the credibility of the witnesses.  S.C. Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001) (citing Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996)).
LAW/ANALYSIS
The sole issue on appeal is whether the family court erred by failing to give adequate consideration to the recommendation of the guardian ad litem.  For the reasons set out below, we find clear and convincing evidence supports the family courts order terminating parental rights.
In Shainwald v. Shainwald, we stated that much of the criticism of guardians ad litem stems from the failure . . .  to recognize the proper function of a guardian ad litem. 302 S.C. 453, 457, 395 S.E.2d 441, 444 (Ct. App. 1990).  Properly understood, the guardian functions as a representative of the court, appointed to assist the court in making its determination of custody by advocating for the best interest of the children and by providing the court with an objective view.  Patel v. Patel, 347 S.C. 281, 287, 555 S.E.2d 386, 389 (2001) (citing Fleming v. Asbill, 326 S.C. 49,­­ 57, 483 S.E.2d 751, 755 (1997)).  The role of the guardian ad litem in making a custody recommendation is to aid, not direct, the court. Clear v. Clear, 331 S.C. 186, 191, 500 S.E.2d 790, 792 (Ct. App. 1998);  see also Shainwald, 302 S.C. at 457, 395 S.E.2d at 443 ([T]he guardian ad litem does not usurp the judges function; he aids it.) (citation omitted).  The family court is not required to adhere to the guardians recommendation regarding custody.  See, e.g., Shirley v. Shirley, 342 S.C. 324, 340, 536 S.E.2d 427, 435 (Ct. App. 2000) (Based on our review of the record, the judge gave proper weight and consideration to the recommendation delivered by the guardian ad litem and did not abuse his discretion in refusing to follow the recommendation.); Pountain v. Pountain, 332 S.C. 130, 138, 503 S.E.2d 757, 761 (Ct. App. 1998) (finding no abuse of discretion where the family court considered but ultimately rejected the guardians recommendation). 
Turning to the case at bar, the family court, after due and deliberate consideration of the guardians testimony, found termination of Evanss parental rights was in Hopes best interest.  The evidence presented by DSS showed Evans tested positive for cocaine and failed to complete drug abuse treatment.  Further, she was arrested for possession of cocaine but was not prosecuted for the offense due to her agreement to work as an unpaid drug informant for the Orangeburg County Sheriffs Department.  The family court found that Evans was still involved in a setting where illegal drugs were present, which was not in Hopes best interest.  Additionally, Evans failed to pay child support, her visits were sporadic at best, and Hope has been in foster care for fifteen of the last twenty-two months.  Most notably, the family court also found, in evaluating Evanss demeanor, her testimony of sobriety was not credible.  Despite the guardians testimony that the petition for terminating Evanss parental rights should be dismissed, we agree with the family court that Hopes best interest would be served by termination.
We reiterate that the family court judge is in a better position to evaluate the credibility of the witnesses.  [W]here the evidence presented in the record adequately supports the findings of the trial judge, due deference should be given to his judgment based on his superior position in weighing such evidence.  This is especially true in cases involving the welfare and best interests of children.  Aiken County Dept of Soc. Servs. v. Wilcox, 304 S.C. 90, 93, 403 S.E.2d 142, 144 (Ct. App. 1991) (citations omitted). The family court adequately considered the facts in light of what would be in Hopes best interest and made detailed and specific findings.[2]  Based on our review of the record, we find the family court did not abuse its discretion in refusing to follow the guardian ad litems recommendation.  Accordingly the decision of the family court is 
AFFIRMED.
KITTREDGE, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.  
[2] Evanss also argues the family court failed to make a finding as to why it rejected the recommendation of the guardian.  This argument has absolutely no merit. The record is replete with the family courts findings as to why Evanss parental rights were terminated.