THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,
Respondent,
v.
Marggie Hutson, Eliseo Perez, and Landin Naun Perez  DOB: 08/29/02, Minor under the age of 18 years, Defendants, of whom Marggie Hutson and Eliseo Perez are
Appellants.
 
 
 

Appeal From Darlington County
 James A. Spruill, III, Family Court Judge

Unpublished Opinion No. 2006-UP-238
Submitted May 1, 2006  Filed May 15, 2006   

AFFIRMED

 
 
 
Bryan W. Braddock, of Florence, for Secondary Appellant.
Marggie Hutson, pro se, for Primary Appellant.
Newton Howle, Jr., of Darlington, for Respondent.
Robbie Forrester Gardner, III, of Hartsville, for Guardian Ad Litem.
 
 
 

PER CURIAM:  In this termination of parental rights (TPR) action, Marggie Hutson and Eliseo Perez appeal a family court ruling terminating their parental rights.  Hutsons attorney filed an affidavit pursuant to Ex parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987), in which she states that Hutsons appeal is without merit.  Hutson filed a response detailing her position and arguing the appeal is not without merit.  Perez is represented by counsel on appeal and submitted a standard brief.
The Appellants child was taken into emergency protective custody on May 6, 2003, and has remained in custody since that time.  On June 10, 2003, a merits hearing was held and resulted in a finding of physical neglect against Hutson.  Although treatment plans were
implemented, neither Hutson nor Perez made any substantial progress towards completion.  In addition, neither of the parents paid support for the child and although Perez brought the child meals and gifts when he visited, his visits were sporadicat times being several months apart.  Perez attempted to complete the treatment plan a second time, but tested positive for cocaine use twice in January 2005.  Appellant Hutson is currently incarcerated and is expected to be released in January 2007.  We affirm.
In a termination of parental rights (TPR) case, the best interests of the children are the paramount consideration.  Doe v. Baby Boy Roe, 353 S.C. 576, 579, 578 S.E.2d 733, 735 (Ct. App. 2003) (citing South Carolina Dept of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000)).  Before a parents rights may be terminated, the alleged grounds for termination must be proven by clear and convincing evidence.  Dept of Soc. Servs. v. Mrs. H, 346 S.C. 329, 333, 550 S.E.2d 898, 901 (Ct. App. 2001).  
On appeal, this court may review the record and make its own determination of whether the grounds for termination are supported by clear and convincing evidence.  Id.; see also South Carolina Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  However, despite this broad scope of review, this court is not required to disregard the findings of the family court nor ignore the fact that the trial judge was in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).  This is especially true in cases involving the welfare of children.  Aiken County Dept of Soc. Servs. v. Wilcox, 304 S.C. 90, 93, 403 S.E.2d 142, 144 (Ct. App. 1991).
Under South Carolinas termination of parental rights statute, [t]he family court may order the termination of parental rights upon a finding of one or more of the [listed] grounds and a finding that termination is in the best interest of the child.  S.C. Code Ann. § 20-7-1572 (Supp. 2005).  If the family court finds a statutory ground for termination has been proven, it must then find the best interests of the children would be served by termination.  Id.   Significantly, as our supreme court has noted and the TPR statute provides: TPR statutes must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent[-]child relationship.  Joiner ex rel. Rivas v. Rivas, 342 S.C. 102, 108, 536 S.E.2d 372, 375 (2000) (quoting S.C. Code Ann. § 20-7-1578 (Supp. 1999)).
In the current case, after considering all the evidence, the family court ruled that Appellants parental rights should be terminated based on several different grounds.  As to both Appellants, the court found: (1) The child has lived outside the home for a period of six months and during this time the parents have willfully failed to visit the child.  See S.C. Code Ann. § 20-7-1572 (3) (Supp. 2005); (2) The child has been in foster care for 15 of the most recent 22 months.  See S.C. Code Ann. § 20-7-1572 (8) (Supp. 2005); and (3) Termination would be in the childs best interests.  Doe, 353 S.C. at 579, 578 S.E.2d at 735.  The family court further found as to Hutson that she failed to remedy the conditions which caused the removal of the Defendant child or to rehabilitate.  See S.C. Code Ann. § 20-7-1572 (2) (Supp. 2005).
After carefully considering the record and the arguments submitted by the parties and reviewing it pursuant to Ex parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987), we find the family court did not err in terminating the Appellants parental rights.   There is sufficient evidence in the record for us to conclude that the family courts rulings are supported by clear and convincing evidence.  Therefore, we affirm the trial courts decision and grant Hutsons counsels petition to be relieved.  
AFFIRMED.[1]
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.