**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Evelyn Leake, Donte Turner, Clayton Jackson, Joseph Griffin, and Terria Burnside, Defendants,

Of whom Donte Turner is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-001139

———————————

Appeal From Laurens County
Mindy W. Zimmerman, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-339
Submitted July 28, 2022 – Filed August 10, 2022

———————————

**REVERSED**

———————————

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Appellant.

Jane Hawthorne Merrill, of Hawthorne Merrill Law, LLC, of Greenwood, as Guardian ad Litem for Appellant.

Rosemerry Felder-Commander, of South Carolina Department of Social Services, of Laurens, for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, LLC, of Simpsonville, for the Guardian ad Litem.

———————

**PER CURIAM:** Donte Turner (Father) appeals the family court's removal order finding he placed his two children (Children) at substantial risk of physical neglect and allowing DSS to terminate reasonable efforts at reunification. On appeal, Father argues the family court erred by (1) finding he placed Children at substantial risk of physical neglect because he was incarcerated at the time Children were removed from Evelyn Leake's (Mother) care and he did not cause the removal; and (2) allowing the Department of Social Services (DSS) to forgo reasonable efforts to reunify Children with him because there is no statutory basis for doing so. We reverse.

On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). The appellate court also "has jurisdiction to find acts in accordance with its view of the preponderance of the evidence." *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009). "South Carolina law states child abuse, neglect, or harm occurs when a person responsible for the child's welfare 'fails to supply the child with adequate food, clothing, shelter, or education . . . and the failure to do so has caused or presents a substantial risk of causing physical or mental injury.'" *S.C. Dep't of Soc. Servs. v. Scott K.*, 380 S.C. 140, 147, 668 S.E.2d 425, 429 (Ct. App. 2008) (quoting S.C. Code Ann. § 63-7-20(6)(iii) (Supp. 2021)). "[I]n all proceedings under this section, the agency has the burden of proof by the preponderance of the evidence . . . ." *Aiken Cnty. Dep't of Soc. Servs. v. Wilcox*, 304 S.C. 90, 93, 403 S.E.2d 142, 144 (Ct. App. 1991).

As part of a previous DSS action involving Children and Evelyn Leake (Mother), the family court granted custody of Children to Clayton Jackson on January 8, 2021. However, after only a month, Jackson informed DSS that he could no longer care for Children. DSS determined Mother had not yet remedied the conditions that caused Children's initial removal from her home, and Father was incarcerated in Pennsylvania and therefore unable to take custody of Children. Thus, Children entered foster care.

In September 2021, the family court entered a removal order in which it found by a preponderance of the evidence that Father placed Children at a substantial risk of physical neglect due to his inability to provide them with safe and stable housing because of his incarceration. It also found the implementation or continuation of reasonable efforts at reunifying Children with Father was not in Children's best interest due to Father's incarceration, and it granted DSS's request to terminate or forgo reasonable efforts at reunification with Father.

We find a preponderance of the evidence does not support the family court's determination that Father placed Children at a substantial risk of physical neglect. Although Father is incarcerated, his criminal acts were unrelated to Children's welfare, and Children were removed first from Mother's custody, then from the custody of an alternate caregiver. While Father's incarceration undoubtedly prevented him from being able to assume custody of Children, there is no evidence Father's incarceration *caused* Children's removal, and, upon being notified Children had been removed from Mother, Father immediately provided names of alternate caregivers with whom DSS was actively seeking placement at the time of the hearing. *See* S.C. Code Ann. § 63-7-20(6)(c) (Supp. 2021) (providing abuse or neglect or harm occurs when a parent fails to provide adequate food, clothing, shelter, education, or health care and the failure to do so has caused or presents a substantial risk of causing physical or mental injury); *see also Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006) (stating "[i]ncarceration *alone* is insufficient to justify [termination of parental rights]" (emphasis added)). Accordingly, we reverse the finding that Father placed Children at a substantial risk of physical neglect.

Father also argues the family court erred in finding DSS should be allowed to forgo reunification efforts with him. Our finding that the family court erred in determining Father placed Children at a substantial risk of physical neglect is dispositive as to this issue. The family court can order protective services only if the allegations in DSS's complaint are supported by a preponderance of the evidence. *See Scott K.*, 380 S.C. at 148, 668 S.E.2d at 429 (finding the family court erred in ordering parents to complete a treatment plan when a preponderance of the evidence did not support the allegations of physical neglect in DSS's intervention complaint). Because a preponderance of the evidence did not support the allegations against Father, the family court erred in considering this issue. Accordingly, the family court's order is

**REVERSED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.