**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Carolyn McDaniel, Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-001336

———————

Appeal From Union County
Thomas T. Hodges, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-352
Submitted August 10, 2022 – Filed September 7, 2022

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Charleka LeTay Hannon, of South Carolina Department
of Social Services, of Union, for Respondent.

Jonathan Drew Hammond, of Greenville, for the
Guardian ad Litem.

———————

**PER CURIAM:**  Carolyn McDaniel (Mother) appeals the family court's order finding she physically neglected her two children (Children).  Mother argues the family court erred because the Department of Social Services (DSS) failed to prove she neglected Children by a preponderance of the evidence.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *See Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

We find the family court correctly determined Mother physically neglected Children based upon a preponderance of the evidence.  *See Aiken Cnty. Dep't of Soc. Servs. v. Wilcox*, 304 S.C. 90, 93, 403 S.E.2d 142, 144 (Ct. App. 1991) ("[I]n all proceedings under this section, the agency has the burden of proof by the preponderance of the evidence . . . ."); S.C. Code Ann. § 63-7-20(6)(a)(iii) (Supp. 2021) (providing that "child abuse or neglect" or "harm" occurs when a person responsible for a child's welfare "engages in acts or omissions which present a substantial risk of physical or mental injury to the child," including the failure "to supply the child with adequate food, clothing, shelter, or education . . . and the failure to do so has caused or presents a substantial risk of causing physical or mental injury").  Mother admitted she possessed marijuana in the home and smoked it daily.  Additionally, the law enforcement officers that accompanied the DSS investigator to Mother's home found a marijuana grinder in one of Children's bedrooms and Mother stated to law enforcement that "she would rather let [the child] smoke marijuana in the home . . . than [the child] smoke it outside the home in the streets."  Thus, we find the family court properly found Mother physically neglected Children.

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.