1178

Hugh Leonard BOYKIN, Appellant v. Kimberly Jean Richburg BOYKIN, Respondent.

(370 S. E. (2d) 884)

Court of Appeals

*Allen C. Pate,* Florence, *for appellant.*

*John O. McDougall,* Sumter, *for respondent.*

Heard March 16, 1988.

Decided June 6, 1988.

GARDNER, Judge:

Hugh Leonard Boykin (the father) and Kimberly Jean Richburg Boykin (the mother) were divorced on the grounds of the mother's adultery by decree dated April 12, 1985. The parties have one child, a daughter named Amanda, who was born October 24, 1980; the primary custody of Amanda was, by consent, awarded the mother by the divorce decree. By petition dated April 3, 1986, the father sought a change of custody, which was denied by the appealed order. We reverse and remand.

We first address the contention by the mother that the father's appeal should be dismissed because his exceptions do not comply with Rule 4, Section 6 of the Rules of the Supreme Court of South Carolina. In the last analysis, this Court is concerned with the substance of an appeal, not the technical differences in the issues raised by the exceptions; this despite the general rule that this Court will not reverse a judgment of the circuit court, even if it is erroneous, on a ground not raised by a properly framed exception. *Bartles v. Livingston,* 282 S. C. 448, 319 S. E. (2d) 707 (Ct. App. 1984). We, therefore, reject this contention of the mother.

The dispositive issue of this appeal is whether the preponderance of the evidence of record is such that it requires under applicable law a change of custody of the minor child of the parties. We hold that it does.

In change of custody actions, the moving party has the burden of proving (1) a change of conditions occuring subsequent to the divorce and (2) that the change of condition substantially affects the interest and welfare of the child. *Skinner v. King,* 272 S. C. 520, 252 S. E. (2d) 891 (1979). A change of circumstances justifying a change in the custody of the child *simply* means that sufficient facts have been shown to warrant the conclusion that the best interest of the child will be served by the change. *Id.*

This Court and our Supreme Court have often held that while a parent's morality is a proper factor for consideration in a child custody case, it is limited in its force to what relevance it has, either directly or indirectly, to the welfare of the child. In *Stroman v. Williams*, 291 S. C. 376, 353 S. E. (2d) 704 (Ct. App. 1987), and other cases addressing this point, our appellate courts have considered a single sexual affair involving the custodial parent and its effect on the child. Our courts have yet to address a situation involving such flagrant promiscuity as is presented by this case.

In applying the above legal principles to the facts of record before us, we hold that the trial judge erred in allowing the mother to retain custody of Amanda. We briefly review the salient facts.

The mother, shortly before the divorce, took a job in which she works from 4 p.m. to 12 midnight. Because of her work-shift, the mother leaves Amanda with Amanda's maternal grandmother during the nights and days when the mother is working.

The greater weight of the testimony reflects that the mother after work now has become accustomed to partying with various friends, drinking beer and, previously, on occasion, smoking marijuana until the early morning hours. The mother admits that she had sexual relations with at least five men during a period of less than a year, on one occasion with an airman in a barracks at Shaw Air Force Base. We hold that this and other evidence of record, together with the admittedly promiscuous lifestyle of the mother, requires the conclusion by this Court that Amanda's best interest will be served by changing custody to her father. Flagrant promiscuity on the part of a custodial parent will, we hold, inevitably affect the welfare of the child and establish a watershed in the court's quest to protect the best interest of a minor child. And we so hold; this despite the evidence of record that the mother is not entirely lacking in redeeming qualities.

The above holding is buttressed by our conclusion that the father is a person of high quality and very acceptable parenting skills.

For the reasons stated, we reverse the appealed order and award custody of Amanda to the father; and we remand to

the trial court to set the visitation privileges of the mother with the requirement that the order shield Amanda from any immoral influences.

We reverse the appealed order's failure to award the father attorney fees and child support and remand the case to the trial court for determination of these matters.

For the reasons stated, the appealed order is reversed and the case is remanded for further proceedings in accordance with this decision.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.