THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Christopher Reid Bowyer, Respondent/Appellant,
 
 
 

v.

 
 
 
 Kristi C. Bowyer, Appellant/Respondent.
 
 
 

Appeal From Spartanburg County
 Wesley L. Brown, Family Court Judge

Unpublished Opinion No. 2006-UP-425
Heard December 4, 2006  Filed December 19, 2006

AFFIRMED

 
 
 
 Richard H. Rhodes, of Spartanburg, for Appellant-Respondent.
 William G. Rhoden, of Gaffney, for Respondent-Appellant.
 David M. Collins, Jr., of Spartanburg, Guardian Ad Litem.
 
 
 

PER CURIAM:  This is a cross-appeal from a divorce decree.  Kristi C. Bowyer (Wife) appeals the provisions in the decree concerning the grounds for the divorce and custody of the parties children.  Christopher Reid Bowyer (Husband) appeals the provisions concerning alimony, attorney fees, and marital debt.  We affirm.
FACTS
Husband and Wife married on December 6, 1997.  They have a daughter born in 1999 and a son born in 2002.  The couple separated around March 28, 2004, when Husband left the marital home.  On April 14, 2004, Husband filed a complaint for a decree of separate maintenance from Wife and requested custody of the children.  On June 4, 2004, Wife filed an answer and counterclaim seeking custody, child support, alimony, and attorneys fees.  After an emergency hearing on July 6, 2004, the family court issued an order granting Husband temporary custody of the children with visitation to Wife.
On October 25, 2004, Wife filed an amended answer and counterclaim alleging Husband was having an adulterous affair.  Husband filed a reply denying he was having an affair but admitting he had developed an emotional relationship with a third party, Jody Hayes, and been alone with Hayes.  On August 31, 2005, Husband filed an amended complaint requesting a decree of divorce on the ground of separation for more than one year. 
On November 15, 2005, the family court granted the parties a divorce on the ground of separation for more than one year.  The family court found Wife suffered from depression and eating disorders before and during the marriage and had a drug overdose early in the marriage.  A clinical psychologist who examined both parties found both had some emotional problems but either could function as a custodial parent.  The family court awarded the parties joint custody with primary custody to Husband during the school year and primary custody to Wife during the summer.  Wife was to pay Husband child support of $298.00 permonth.
Regarding the divorce, the family court found there was no clear or justifiable cause for [Husband]s leaving the marriage and his leaving [was] the cause of the breakup of the marriage.  Notwithstanding this finding and Husbands admission that he had opportunity to commit adultery, the family court found there was no creditable testimony to establish inclination.  The family court therefore denied Wifes request for a divorce based on adultery. 
Based on numerous factors, the family court awarded Wife alimony in the amount of $350.00 per month.  The family court also determined the parties had marital debt in the amount of $56,377.38 but noted that Husband had paid $7,892.79 towards the debt since the separation.  The family court ordered Husband to pay 60 per cent of the marital debt and Wife to pay the remaining 40 per cent.  Specifically, the family court required the parties to pay $500.00 per month towards their debt, with Wife paying her $200.00 to Husband and Husband making the monthly payments until the debt was paid off.  The family court found there was no nonmarital property at issue and only nominal marital property consisting of furnishings and a van.  The family court ordered that each party would keep whatever assets were currently in his or her possession.  Because Wife had possession of the van and most of the furnishings, she received the bulk of the marital estate.
In determining attorney fees, the family court took into consideration that Husband had already paid $500.00 in attorney fees to Wife under the temporary order and Wife had not paid any child support under the temporary order, which together provided a benefit to Wife of more than $6,000.00.  The family court also concluded Husband was in a better position financially and Wife obtained some beneficial results in the divorce proceeding.  Based on these findings, the family court ordered Husband to pay Wifes attorney $4,000.00. 
STANDARD OF REVIEW
On appeal from a family court order, this court has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence.[1]  Where evidence is disputed, this court may adhere to the family courts findings.[2]  Because the family court is in a superior position to judge the witnesses demeanor and veracity, its findings should be given broad discretion.[3]  
LAW/ANALYSIS
1.  Wife argues the family court erred in failing to find Husband had committed adultery.  We reject this argument.
Any error the family court may have committed in declining to make such a finding did not inure to Wifes prejudice.  A divorce on the ground of adultery would not make Wife any more divorced than she currently is.[4]
We further disagree with Wifes contention that a finding that Husband committed adultery would have impacted the family courts decision regarding custody of the minor children.  The morality of a parent is a proper factor for consideration but is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child.  Custody of a child is not granted a party as a reward or withheld as a punishment[5]  Assuming without deciding that the evidence warranted a finding that Husband had committed adultery, Wife did not show the alleged adultery had an adverse impact on the children.  Nor has she demonstrated that Husbands alleged misconduct was of such a flagrant nature that it would inevitably affect the welfare of the child[ren].[6]       
2.  Wife contends the grant to Husband of primary custody of the children during most of the year is improper because: (1) Husband allegedly committed adultery; (2) the family court found Husband was at fault in the ending of the marriage; (3) it was in the best interests of the children for Wife to have custody; (4) Wife allegedly was the primary caregiver; and (5) the family court placed improper significance on the temporary custody order.  We disagree with these arguments.
In any child custody case, the controlling consideration is the best interests of the children involved.[7]  Furthermore, as the supreme court has stated:

 The family court considers several factors in determining the best interest of the child, including: who has been the primary caretaker; the conduct, attributes, and fitness of the parents; the opinions of third parties (including [the guardian ad litem], expert witnesses, and the children); and the age, health, and sex of the children.[8] 

[T]he appellate court should be reluctant to substitute its own evaluation of the evidence on child custody for that of the [family] court.[9] This is especially true in cases involving the welfare and best interests of children.[10]  
As we have noted earlier in this opinion, the evidence presented in this case did not warrant a finding that Husbands alleged adultery had harmed the children.  Furthermore, notwithstanding the family courts findings that there was no clear or justifiable cause for [Husbands] leaving the marriage and that his leaving is the cause of the breakup of the marriage, we found no evidence that Husbands actions in ending the marriage adversely affected the children.  Absent such evidence, we hold the family court committed no abuse of discretion in refusing to assign greater weight to Husbands misconduct as a factor in determining who should have primary custody of the children. 
The family court found the childrens current living arrangement to be in their best interests.  Although the family court noted both parties had made improvements since their separation and both were fit parents,[11] it also found the childrens present situation with Husband as primary custodian during most of the year provided them a stable and protected environment.  The family court also noted granting primary custody to Wife would most likely necessitate a change in schools, which would be detrimental to the older child.  Finally, Wife has not directed our attention to anything in the record to suggest the children were not doing well in Husbands care.
We further disagree with Wifes argument that the family court failed to give appropriate consideration to the fact that she had been the childrens primary caregiver before the parties separation as well as with her contention that the family court placed undue emphasis on the temporary order, under which Husband received primary custody of the children.[12]  In the appealed order, the family court gives numerous reasons besides the fact that Husband has been the primary custodian of the children since the temporary hearing to support its decision.  These reasons include (1) the children are thriving in their present environment; (2) both Husband and Wife had contributed substantially in caring for the children; and (3) Wife had exhibited emotional instability, as evidenced by her eating disorders and one incident of a drug overdose.  Although we are not unsympathetic to Wifes complaint that the custody arrangement under the temporary order may have given Husband an advantage in presenting himself as the better custodial parent, we cannot allow a perceived need to level the playing field thwart the central consideration of a child custody dispute, namely, that of serving the best interests of the children involved.  As this court noted in Pountain v. Pountain, another case in which the appellant alleged the family court gave prejudicial effect to the temporary custody order, the child[ren]s sense of security and stability are proper considerations in determining [their] best interest.[13]    
3.  Contrary to Husbands arguments, we find no abuse of discretion in either the grant of alimony to Wife or in the amount awarded. 
The amount to be awarded for alimony, as well as a determination of whether the spouse is entitled to alimony, is within the sound discretion of the family court.[14]  An abuse of discretion occurs when the decision is controlled by some error of law or is based on findings of fact that are without evidentiary support.[15]  The purpose of alimony is to place the supported spouse, as close as is practical, in the same position of support as during the marriage.[16]  If the claim for alimony is well founded, the family court has the duty of making an alimony award that is fit, equitable, and just.[17]  
South Carolina Code section 20-3-130(C) lists the factors the family court is to consider in awarding alimony: 

 (1) the duration of the marriage together with the ages of the parties at the time of the marriage and at the time of the divorce or separate maintenance action between the parties; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse, together with need of each spouse for additional training or education in order to achieve that spouses income potential; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated earnings of both spouses; (7) the current and reasonably anticipated expenses and needs of both spouses; (8) the marital and nonmarital properties of the parties, including those apportioned to him or her in the divorce or separate maintenance action; (9) custody of the children, particularly where conditions or circumstances render it appropriate that the custodian not be required to seek employment outside the home, or where the employment must be of a limited nature; (10) marital misconduct or fault of either or both parties, whether or not used as a basis for a divorce or separate maintenance decree if the misconduct affects or has affected the economic circumstances of the parties, or contributed to the breakup of the marriage, except that no evidence of personal conduct which may otherwise be relevant and material for the purpose of this subsection may be considered with regard to this subsection if the conduct took place subsequent to the happening of the earliest of (a) the formal signing of a written property or marital settlement agreement or (b) entry of a permanent order of separate maintenance and support or of a permanent order approving a property or marital settlement agreement between the parties; (11) the tax consequences to each party as a result of the particular form of support awarded; (12) the existence and extent of any support obligation from a prior marriage or for any other reason of either party; and (13) such other factors the court considers relevant.[18]

In addition, the South Carolina Supreme Court has held [t]hree important factors in awarding periodic alimony are (1) the duration of the marriage; (2) the overall financial situation of the parties, especially the ability of the supporting spouse to pay; and (3) whether either spouse was more at fault than the other.[19]  
In determining whether to award alimony, the family court considered the following: (1) Wife was thirty-two years old and Husband was thirty-years old; (2) the couple was married for over six years before they separated; (3) Wife has had eating disorders in the past but both parties appeared to be healthy at the present time; (4) both parties have possible emotional issues; (5) Husband graduated from high school, attended Presbyterian College, and ultimately graduated from North Greenville College, and Wife only graduated from high school and received no other education or training; (6) Husband was the primary wage earner during the marriage and Wife did not work; (7) Husband is currently a youth minister at a church and Wife works in the office of a small business; (8) the parties have substantial marital debt; (9) neither of their earnings are expected to increase without additional training or education; (10) the parties have no nonmarital property and nominal marital property; (11) the parties have joint custody of the children with split placement; (12) Husband is primarily at fault in the break up of the marriage although he has not been proven guilty of adultery; (13) no tax consequences are anticipated as a result of this action; and (14) neither of the parties have any prior support obligation. 
The family court found Husband had a gross monthly income of $3,606.17 and a net monthly income of $2,537.74.  Husband also paid for the childrens medical insurance and daycare.  Furthermore, the family court found Wifes gross monthly income was $1,386.56 and her net monthly income was $1,006.07.  Additionally, the family court determined that both parties contributed substantially to caring for the children before the separation, but Husband has been the primary caregiver since the temporary order.  Based on these findings, which are supported by the evidence, we hold the family court considered the statutory factors in determining Wifes alimony and its decision in awarding alimony is consistent with those factors.  Accordingly, the family court did not abuse its discretion in awarding Wife alimony.
4.  Husband maintains the family court erred in awarding Wife attorney fees because Wifes results were largely unbeneficial and neither party has the ability to pay substantial fees.  We disagree.
The South Carolina General Assembly has authorized the family court to award attorney fees.[20]  In making the determination, the family court should consider each partys ability to pay his or her own fee; the beneficial results obtained by the attorney; the parties respective financial conditions; and the effect of the fee on each partys standard of living.[21]  An award of attorneys fees and costs is a discretionary matter not to be overturned absent abuse by the trial court.[22]  Beneficial results alone are not dispositive of whether a party is entitled to attorneys fees.[23] 
Because the family court awarded her alimony, we hold Wife did receive some beneficial results.  Moreover, in deciding the issue of attorney fees, the family court expressly referenced Glasscock v. Glasscock[24] and stated it considered the issue of fault, the parties ability to pay counsel fees and their disproportionate incomes, the impact the fees would have on the party ordered to pay them, Husbands payment of $500.00 toward Wifes attorney fees pursuant to the temporary order, and the fact that Wife did not pay child support following the temporary order.  Significantly, the family court noted Husband earns significantly more than Wife and has more education.  We hold the family court considered all the relevant factors in awarding Wife attorney fees, and because that award is supported by the evidence, the family court did not abuse its discretion.
5.  Husband argues the appealed order is ambiguous regarding the repayment of marital debts.  Husband contends the family court did not give him credit for the $7,892.79 he had paid towards the marital debt prior to the divorce decree but after the separation because it required Husband to make payments of $300.00 per month until the debt was extinguished.  We decline to address this argument because it was not raised at trial and is therefore not preserved for appeal.[25]  Indeed, as Husband himself concedes in his brief, he should have filed a Rule 59(e), SCRCP motion requesting the family court to address this issue.  
6.  Husband argues that if we find joint custody is not in the best interests of the children, he should be granted sole custody.  Because we affirm the award of custody, we need not address this issue.[26]
AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1]  E.D.M. v. T.A.M., 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992).  
[2]  Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  
[3]  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).  
[4]  See Miles v. Miles, 303 S.C. 33, 35-36, 397 S.E.2d 790, 791-92 (Ct. App. 1990) ([T]he ground on which a divorce is granted cannot possibly make any difference where the divorce is a no-fault divorce.);  Smith v. Smith, 294 S.C. 194, 197, 363 S.E.2d 404, 406 (Ct. App. 1987) (Because the granting of a divorce to the husband on the ground of adultery would not have dissolved the marriage any more completely, we need not consider the husbands contention that he should have been awarded a divorce on his counterclaim.).
[5]  Davenport v. Davenport, 265 S.C. 524, 527, 220 S.E.2d 228, 230 (1975).
[6]  Boykin v. Boykin, 296 S.C. 100, 102, 370 S.E.2d 884, 886 (Ct. App. 1988).
[7]  Davis v. Davis, 356 S.C. 132, 135, 588 S.E.2d 102, 103-04 (2003).
[8]  Patel v. Patel, 347 S.C. 281, 285, 555 S.E.2d 386, 388 (2001).
[9]  Woodall, 322 S.C. at 10, 471 S.E.2d at 157; see also Shirley v. Shirley, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000) (Custody decisions are matters left largely to the discretion of the [family] court.).
[10] Dixon v. Dixon, 336 S.C. 260, 263, 519 S.E.2d 357, 359 (Ct. App. 1999).  
[11] The guardian ad litem found both parties to be suitable and did not recommend one party over the other.
[12] Wife also maintains on appeal that, at the temporary hearing, Husband submitted numerous purported affidavits that were not in fact properly executed.  There is, however, nothing in the record to indicate that Wife objected to these affidavits when they were submitted; therefore, we do not address this issue on appeal.
[13] Pountain v. Pountain, 332 S.C. 130, 137-38, 503 S.E.2d 757, 761 (Ct. App. 1998).
[14] Smith v. Smith, 264 S.C. 624, 628, 216 S.E.2d 541, 543 (1975); see also Patel v. Patel, 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004) (Patel II) (The amount of alimony is within the [family] courts sound discretion and should not be disturbed on appeal unless an abuse of discretion is shown.).
[15] Bryson v. Bryson, 347 S.C. 221, 224, 553 S.e.2d 493, 495 (Ct. App. 2001).  
[16] Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  
[17] Allen v. Allen, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001).
[18] S.C. Code Ann. § 20-3-130(C) (Supp. 2005).
[19] Patel II, 359 S.C. at 529, 599 S.E.2d at 121.  
[20] S.C. Code Ann. § 20-7-420(A)(38) (Supp. 2005).
[21] Patel II, 359 S.C. at 533, 599 S.E.2d at 123.  
[22] Donahue v. Donahue, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989).  
[23] Mazzone v. Miles, 341 S.C. 203, 214, 532 S.E.2d 890, 895 (Ct. App. 2000).
[24] 304 S.C. 158, 403 S.E.2d 313 (1991).  
[25] In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be raised for the first time on appeal.  In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court.).  
[26] See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling that, when the determination of a prior issue is dispositive of the appeal, the appellate court need not review the remaining issues).